AYERS, WEATHERWAX & REID CO. V. SUNDBACK, Sheriff.

The rules of this court provide that when a party through mistake or excusable neglect has made or consented to an abstract which is incorrect or imperfect, he may, upon a satisfactory showing, be allowed to file an additional abstract; but, *held*, that the excusing circumstances should be very exceptional, or the case of unusual importance, to justify the application of the rule after a case has been argued, submitted, and decided; and *held*, further, that this is not such a case.

(Syllabus by the Court.   Opinion filed May 3, 1894.)

Appeal from Circuit Court, Minnehaha county.   Hon. FRANK R. AIKENS, Judge.

This case was first decided by this court in an opinion filed February 21, 1894, reported in 5 S. D. 31, 58 N. W. 4.   In that opinion the judgment of the lower court was reversed. Respondents petitioned for a rehearing and for leave to file a further abstract, which is in this opinion denied.

*Joe Kirby*, for appellant.

*J. W. Jones*, (*Boyce & Boyce* of counsel) for respondent.

KELLAM, J.   Respondent asks to be allowed to reargue this case, which was decided at the last term, and reported in 5 S. D. 31, 58 N. W. 4, and to be further allowed to file and serve an additional abstract.   Counsel does not attack the correctness of the decision upon the abstract upon which the case was heard, but represents in his petition that the abstract was incomplete, and that the bill of exceptions contained matter which, if it had gone into the abstract, would plainly have led

to a different decision and judgment in this court. This is probably true, but we still think we ought to deny the petition. An abstract duly served, and by nonobjection consented to, is, in effect, stipulated to be correct. Our rules provide that when a party, through mistake or excusable neglect, has made or consented to an abstract which is incorrect or imperfect, he may, upon a satisfactory showing, be allowed to file an additional abstract; but the excusing circumstances should be exceptional, or the case of unusual importance, to justify the application of the rule after a case has been argued, submitted, and decided. Such a practice would be so obviously undesirable that we are unwilling to establish a precedent which would suggest and encourage it. There is nothing peculiar or exceptional in this case, either in the circumstances under which the abstract was made or consented to, or the questions of law, or the interests involved. If we allow the application in this case we could hardly deny it in any. The practice would be a bad one, and we are unwilling to initiate it. The petition to file a further abstract and to reargue the case is denied.