MERCHANTS NAT. BANK v. McKINNEY *et al.*

1.  This court, on an appeal from a judgment, will not consider the evidence, unless the same is embodied in a bill of exceptions or statement of the case settled by the judge, and this applies to the review of an order which, in the notice of appeal, is designated for such review by this court.

2. Stenographer's or referee's notes of the evidence, when so stipulated by the parties, cannot take the place of a bill of exceptions or statement of the case settled by the judge, which must be returned to this court by the clerk of the court below as a part of the judgment roll.

3. After a case on appeal or writ of error has been submitted and decided, this court will not permit an additional or amended abstract to be filed, unless the case is a very exceptional one. Following the decision of this court in Ayers v. Sundback, (S. D.) 58 N. W. 929.

(Syllabus by the Court.   Opinion filed Oct. 2, 1894.)

Appeal from circuit court, Yankton county.   Hon. E. G. SMITH, Judge.

This case was last decided by this court in an opinion found in 4 S. D. 226, in which a judgment of the circuit court in favor of the defendants was affirmed.   There had been a prior appeal in the same case from a judgment of the territorial district court in favor of the plaintiff which was reversed by this court in an opinion found in 2 S. D., 106.   Appellant petitions for a rehearing.   Denied.

The facts are stated in the opinion.

*R. B. Tripp*, for appellant.

*French & Orvis*, for respondents.

CORSON, P. J.   This case comes before us on a petition for a rehearing.   The opinion of this court is reported in 4 S. D. 226; 55 N. W. 929.   This was the second appeal in this case, the first opinion being reported in 2 S. D. 106; 48 N. W. 841. As appears more fully from the statement of the case in the second opinion, the plaintiff, its judgment in the first appeal having been reversed, moved the circuit court to submit certain issues to a jury, which it claimed had not been passed upon by the referee to whom the case was originally referred, and to set the case down for trial.   The defendants, in whose favor the first appeal had been decided, made a counter motion for a judgment dismissing the action.   Both motions were heard at the same time, and plaintiff's motion was denied, the motion of the defendants granted, and a judgment dismissing the action rendered.   From this judgment plaintiff appealed, and desig-

nated for review by this court the order denying the plaintiff's motion. This court affirmed the judgment, for the reasons stated in the opinion, and in effect affirmed the order of the court denying plaintiff's motion. The abstract in this case contains the pleadings, findings, motions, judgments, etc., but no bill of exceptions, statement of the case, or evidence. The plaintiff now presents to this court a petition for a rehearing, together with what it denominates "an additional abstract," containing what purports to be an abstract of the evidence given before the referee upon issues as to which it claims the referee made no findings. This evidence is not contained in any bill of exceptions or statement of the case, either upon the original appeal or upon the second appeal, or in fact in any bill of exceptions or statement of the case settled by the judge.

The appeal in this case was from the judgment dismissing the action, and, though the review of the order denying plaintiff's motion to place the case upon the calendar for trial was asked for, a bill of exceptions or statement of the case was necessary in order to enable the court to review the evidence, even so far as it affects the order. The evidence must be contained in a bill of exceptions or statement of the case properly settled by the judge.

There is in the record—not in the abstract—a document which seems to be the stenographer's notes of the evidence; and this is returned here by the clerk of the circuit court, and stipulated by counsel as having been used in the hearing in the court below. It does not purport to be a bill of exceptions or statement of the case, and is not authenticated in any manner. The learned counsel, in abstracting it for his so-called "Aditional Abstract," seems to assume that it is properly a part of the record in this case. The counsel evidently had in view section 5217, which provides that when an appeal is taken from an order the clerk "shall transmit the order appealed from and the original papers used by each party on the application for the order appealed from," when he took this appeal. Where the motion

is heard entirely upon affidavits or documentary evidence, and an order made, perhaps nothing more would be required than the clerk's certificate that the papers were the only papers and evidence used on the trial. But in case of an appeal from an order, if there is oral evidence, it must be brought to this court by bill of exceptions or statement duly settled by the judge. But, as stated, in this case the appeal is not from an order, but from the judgment, and therefore the practice as to appeals from orders has no application. Stenographers' notes of the evidence, when so stipulated by the parties, cannot take the place of a bill of exceptions, which becomes a part of the judgment roll (section 5103, Comp. Laws), and is returned by the clerk on an appeal from the judgment. No case has been called to our attention where the practice contended for by the learned counsel for the plaintiff has been sanctioned, and it would seem to be an anomaly in the practice. Possibly, if all the evidence was preserved in a bill of exceptions or statement of the case, the facts might be found by the trial court, or considered as found by the supreme court, in a proper case, as would seem to be indicated by the California decisions cited in the opinion in this case. But, in the absence of any bill of exceptions or statement of the case, this court cannot now consider the evidence.

The counsel for the defendants contend that as it appears from the abstract that counsel for the plaintiff moved for and obtained a judgment in favor of the plaintiff upon the report of the referee, without making any objection to the report, or moving the court to make or direct the referee to make other or additional findings, plaintiff has waived its right to other findings, and is now "estopped from claiming that there was any evidence on which it was entitled to additional findings," and cites Campbell v. Phillips, 28 Kan. 753. While this proposition is perhaps a little too strongly stated, such a proceeding would raise a strong presumption against the plaintiff's claim, as now made. But, without pursuing this discussion

further, it is sufficient to say that after a case has been argued, submitted, and decided, this court will not permit an additional abstract to be filed, unless the case is a very exceptional one. This case does not appear to us to present any exceptional features. We are of the opinion, therefore, that we should apply to this case the rule laid down by this court in Ayers v. Sundback, 58 N. W. 929, and deny the petition for a rehearing, and it is so ordered.