### FOLEY–WADSWORTH IMPLEMENT CO. v. PORTEOUS.

1. An object of an additional abstract on the part of the respondent is to bring before this court some matter in the record not contained in ap-

pellant's abstract, or to show that some matter that should appear in the record, necessary to perfect the appeal, has been omitted, or to show that the matter contained in appellant's abstract has not been correctly abstracted from the record.

2.  When an appeal is taken from an order, and the respondent claims that evidence was received on the hearing in the court below, not contained in the record, the proper practice is to bring the fact of such omission to this court by motion, supported by affidavits, or the certificate of the judge of the court making the order, or both, and not by filing an additional abstract.

3.  When an order is made in the court below, wholly or in part upon oral evidence, all such oral evidence must be brought to this court on an appeal from the order, by a bill of exceptions or statement settled by the judge; and the record on such appeal is not perfected, so that the case can be heard in this court, until all the evidence in the court below is properly made a part of the record, and brought before this court by an abstract or amended abstract.

(Syllabus by the Court.   Opinion filed April 25, 1895.)

Appeal from the circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by attachment. From an order dissolving the attachment, plaintiff appeals. Heard on motion of respondent to dismiss appeal and a motion by appellant to dismiss respondent's motion. Both motions denied.

*Joe Kirby*, for appellant.

A denial in the conjunctive is never sufficient as a traverse. Noyes v. Lane, 45 N. W. 328. The granting or continuing of an injunction are to some extent matters of discretion and this discretion should always be exercised in favor of the party most likely to be injured. Hicks v. Compton, 18 Cal. 210; Hunt v. Steese, 17 Pac. 920; High on Inj. Sec. 1508.

*A. Frizzell*, for respondent.

The burden of proving the allegations in the moving affidavit for a writ of attachment is on the applicant and he must do so by a preponderance of evidence. Doland v. Armstrong, 53 N. W. 132; Jones v. Swauk, N. W. 634; Wilcox v. Smith, 55 N. W. 1107; Wyman v. Wilmarth, 46 N. W. 190; Grimes v. Farrington, 26 N. W. 618. To maintain attachment on the ground of disposing of

property with the intent to defraud, the intent to defraud must be found to exist as a fact. Bank v. Steel, 45 N. W. 579.

The facts are stated in the opinion.

CORSON, P. J. This case comes before us on two motions,—one on the part of the respondent to dismiss the appeal, and the other on the part of the appellant to strike out the affidavit and certificate of the judge annexed to respondent's motion, and to dismiss the same. The appeal is from an order discharging a warrant of attachment. The motion of respondent to dismiss the appeal is made upon the ground that there was oral evidence received and considered by the court below that has not been brought to this court on this appeal, neither by bill of exceptions or otherwise; and this motion is supported by the affidavit of counsel and the certificate of the judge of the court below. The motion of appellant to strike out the affidavit and certificate of the judge and dismiss respondent's motion is made on the ground that an objection to the abstract of appellant can only be taken by an additional abstract on the part of the respondent. This motion of appellant to strike out respondent's affidavit and certificate of the judge, and dismiss his motion will be first considered. The object of an additional abstract is to bring before the court some matter in the record not contained in appellant's abstract, or to show that some matter that should appear in the record, necessary to perfect the appeal, had been omitted, or to show that matter in appellant's abstract has not been correctly abstracted from the records. In all these cases the question presented can be determined by an inspection of the record itself. The motion of the appellant in this case is to dismiss the appeal, not because the abstract does not contain matter appearing in the record, or contains matter incorrectly abstracted, or matter that should affirmatively appear in the record in order to perfect the appeal, but on the ground that there was evidence received and considered on the motion in the court below that has not been made a matter of record, and hence is not brought to this court on appeal. This question can in no manner

be determined by an inspection of the record in this court, and this court can only be advised of the fact that there was evidence heard and considered in the court below that has not been made a matter of record by the motion of respondent, supported by affidavits, and the certificate of the trial judge. Appellant meets this motion by an affidavit stating that the omitted evidence was not material and could not affect the result. But this statement, though evidently made in good faith, cannot be taken by this court in place of the omitted evidence. It is the duty of a party appealing to this court from an order to see that all the evidence, whether in the form of affidavits, documentary evidence, or oral evidence, is brought to this court on the appeal; and ordinarily, when it is made to appear that evidence used on the hearing in the court below has not been so brought to this court, the appeal will be dismissed. We have held, following the California decisions, that when all the evidence before the court below is in the form of affidavits or documentary evidence, no bill of exceptions is necessary, as the clerk is required by section 5217, Comp. Laws, to transmit in such case the original papers used on the hearing in the court below; and, in the absence of a contrary showing, this court will presume that the record contains all the evidence used in the court below. When, however, there is oral evidence admitted on the hearing, it can only be brought to this court by bill of exceptions settled by the trial judge. This motion, therefore, was properly made upon affidavits and the certificate of the trial judge, and the motion to strike out the same must be denied.

This brings us to the motion to dismiss the appeal. The fact that there was oral evidence introduced and admitted in evidence on the motion in the court below to discharge the attachment, and not in the record transmitted to this court, is not controverted by appellant's counsel; but he insists that the evidence was not material. But this position cannot be sustained. The oral evidence given on the hearing of a motion in the court below must be brought to this court by bill of exceptions or statement. Bank v. Scougal (S. D., on rehearing.) 60 N. W. 162. The bill of excep-

tions on an appeal from an order need not contain copies of the affidavits or documentary evidence further than to refer to them, and the bill of exceptions will be treated as in addition to the affidavits or documentary evidence transmitted by the clerk, properly certified to by him. As the question presented is a new one, upon which this court has hitherto expressed no opinion, except perhaps incidentally in the recent case of Bank v. Scougal, *supra,*   • we feel inclined to permit the appellant to perfect his record, if he can do so, by procuring a bill of exceptions to be settled by the judge, containing the oral evidence given on the hearing. We have recently held in mandamus proceedings that a bill of exceptions may be settled by the judge after an appeal is perfected. We presume that, in view of the unsettled practice heretofore in such matters, the judge who tried this motion in the court below will be inclined to exercise the power conferred upon him by section 5093, Comp. Laws. The case will therefore not be dismissed, but will be allowed to remain upon the calendar for the present, to enable the appellant to perfect his record by bringing up to this court the additional evidence in the manner indicated, and filing in this court an amended abstract containing the same. The appellant is therefore given until the 29th day of May to perfect his record and file his amended abstract.