## HEDLUN v. HOLY TERROR MINING CO.

1. Bills of exceptions cannot be amended by the supreme court.

2. Where a bill of exceptions showed affirmatively that the trial court read an instruction as one requested by the defendant in language substantially different from the request, thereby showing reversible error, and it appeared that when the bill was settled the court's attention was not called to such modification of the instruction, and he did not notice that the bill showed it, the record can be returned to the trial court to correct the error, if any, under Comp. Laws, §4938 (Laws 1897, Chap. 54), providing that the court may amend any pleading, process, or proceeding by correcting any mistake therein.

3. Comp. Laws, § 4938 (Laws 1897, Chap. 54) provides that the trial court may, in its discretion, at any time within one year after notice thereof, relieve a party from any proceeding taken against him through his mistake, inadvertence, or excusable neglect. Section 5093 provides that the trial court may fix a time for allowing exceptions after the time limited therefor has expired. Within a year after a bill of exceptions was settled and appeal perfected, application was made for the return of the record to the trial court to correct the bill of exceptions. *Held*, that the application was not made too late.

4. The record will be returned to the trial court for the purpose of allowing the trial judge to consider an application to correct the bill of exceptions after the case has been submitted to the supreme court without oral agreement, under rule 21, no consideration having been given the appeal on the merits.

5. After an appeal has been perfected, and the original record transmitted to the supreme court, the trial judge cannot amend the bill of exceptions without having the record remanded for that purpose.

(Opinion filed April 18, 1901.)

Appeal from circuit court, Pennington county. HON. LEVI McGEE, Judge.

Action by John Hedlun against the Holy Terror Mining Company. Application by plaintiff after appeal by defendant for a re-

turn of the record to the trial court to correct the bill of exceptions. Granted.

*Wood & Buell, Fowler & Whitfield,* and *Horner & Stewart,* for appellant.

*A. K. Gardner, William Gardner, D. W. Keliher,* and *I. W. Goodner,* for respondent.

HANEY, J.   The bill of exceptions in this action was settled and certified July 30, 1900.  The appeal was taken August 9th.  On September 10th the abstract was served.  On November 20th, the case being upon the calendar of this court, it was submitted without oral argument, under rule 21.  Appellant's brief was served January 9, 1901.  On March 26, 1901, respondent obtained an order from this court, returnable on April 10th, requiring appellant to show cause why the record should not be returned to the clerk of the circuit court for the purpose of having the bill of exceptions corrected by the trial judge.  Appellant appeared, and objected to a return of the record, for the reason that the application came too late.  For the purpose of such objection, the facts alleged in respondent's application must be taken as true.  It must, therefore, be assumed that the bill of exceptions, as settled, does not conform to the truth.  It is clear that bills of exceptions cannot be amended by this court.  When and in what manner can they be amended by the trial judge?  It was held in California that bills of exceptions may be amended by the trial judge, even after an appeal has been taken and a transcript of the record has been filed in the appellate court.  Flynn v. Cottle, 47 Cal. 526.  In this state the original record is usually transmitted to the supreme court, but the lower court may in any case direct copies to be sent in place of the original.  Comp. Laws, § 5217.  There is no essential difference between the practice in this state and that in California at the time the decisions cited from that state were ren-

dered, relating to the question under discussion. The power of the trial judge to amend the statement or bill of exceptions was predicated by the California court upon the general statute relating to amendments. Hayne, new Trials, § 160; Spanagel v. Dellinger, 34 Cal. 476. We think the same power exists in this state, and that it is derived from the same source. Our statute relating to amendments contains the following: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other alegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved, or to facts in support of which proof is offered. Provided, that no amendment on the trial of an action shall be cause for a continuance, unless it shall appear to the satisfaction of the court that the party applying therefor is surprised by the amendment and unable to safely proceed with the trial." "The court may, likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code, or, by an order, enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may. in like manner, and upon like terms, permit an amendment of such proceeding, so as to make it conformable thereto." Laws 1897, Chap. 54 Comp.

Laws, § 4939. The power to amend any pleading process, or proceeding by correcting any mistake therein clearly includes the power to correct a mistake in the bill of exceptions. The bill, or statement, as settled, shows affirmatively that the trial court read an instruction as an instruction requested by the appellant, in language substantially different from that requested; thus showing reversible error. Peart v. Railway Co., 8 S. D. 634, 67 N. W. 837. It appears from the affidavit of the trial judge that when the bill was settled his attention was not called to the portion relating to the modification of appellant's requested instruction; that the record was voluminous; and that he did not notice that the bill, as settled, showed such modification. It is fair to presume that, if his attention had been called to the matter, the bill would have been changed, or a new trial would have been granted. Whether or not the bill does conform to the truth in respect to this request to charge is for the trial judge. If it does not correctly exhibit what was done in that regard, it certainly should be amended. The mistake should be corrected in justice to the trial judge, if for no other reason.

Does respondent's application come too late? It is "within one year after" the bill was settled if that limitation has any application. The trial court or judge, upon good cause shown, and in furtherance of justice, may fix a time for allowing exceptions after the time limited therefor has expired; exceptions may be settled after the appeal has been perfected; and the cause may remain upon the calendar of this court to enable appellant to perfect his record. Comp. Laws, §5093; Implement Co. v. Porteous, 7 S. D. 34, 63 N. W. 155; Coulter v. Railway Co. (N. D.) 67 N. W. 1046. Certainly exceptions should be amendable for good cause shown, and in furtherance of justice, during the period in which they might be originally settled and allowed. After an appeal has been perfected, and the orig-

inal record transmitted to this court, the trial judge should not amend the bill of exceptions without having the record remanded for that purpose. Coulter v. Railway Co., *supra*. When, and under what circumstances, a record will be remanded for this purpose, are questions resting in the discretion of this court. Relief from excusable, mistakes should always be sought with reasonable dilligence. Ordinarily, applications to remand records for correction after submission upon the merits should be denied; but this case was submitted, under rule 21, without oral argument. Appellant's brief was not filed until January 12, 1901. No consideration has been given the appeal upon the merits. Without attempting to state a general rule applicable to all cases of this class, we think the nature of the proposed amendment and the peculiar circumstances surrounding this particular action justify a return of the record to the clerk of the circuit court for the purpose of allowing the trial judge to consider an application to correct the bill of execptions, and, until otherwise ordered, the cause will remain in this court awaiting the determination of such application.