## WOODCOCK *et al.* v. REILLY.

1. Comp. Laws, § 4678, provides that, in the absence of contrary provision, an assignee for the benefit of creditors shall be entitled to the same commissions as are allowed executors and guardians. Section 5888 provides that an executor shall have a graduated percentage commission, and also, in the court's discretion, any amount not exceeding the commission, as compensation for extraordinary services. Section 6008 allows a guardian his expenses and such compensation for his services as the court deems just. The court allowed an assignee for the benefit of creditors, commissions and extra compensation up to the legal limit allowed executors. Held, that the basing of the allowance upon section 5888 was clearly permissible.

2. Comp. Laws, § 5888, provides that an executor's graduated percentage commission shall be based upon "the amount of the whole estate accounted for by him, excluding all property not ranked as assets.' Certain judgments were obtained by an assignee for creditors in good faith, and after the filing of his report in relation thereto objecting creditors filed a stipulation that the amount of attorney's fees and costs of litigation were satisfactory, and that the report might stand. Six months later a supplementary report was filed, in which inability to collect the judgments was shown. The court allowed him commissions upon the face of the judgments. Held, that the creditors could not be heard to object to such allowance, since they were estopped by their stipulation from saying that the judgments should not have been

obtained in the first place and any subsequent depreciation in their value would not affect the commission of the assignee.

3. The court allowed an assignee for the benefit oi creditors the full legal limit for extraordinary services. There was no evidence in relation thereto except the verified report of the assignee, claiming a larger amount. Held, that the allowance could not be disturbed on appeal.

4. Where the record fails to show a presentation to the lower court of the question of negligence in an assignee for the benefit of creditors in failing to obtain interest on sums in his hands, and nothing in the record shows him to have been so negligent, the fact that he was not charged with interest by the court is conclusive on appeal as to the question.

(Opinion filed Oct. 7, 1902.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Report of Edward Reilly, assignee for the benefit of creditors. From an order allowing the assignee certain amounts as compensation, the creditor, George B. Woodcock, and others, appeal. Affirmed. The facts are stated in the opinion.

*Martin & Mason,* for appellants.

*Frawley & Laffey,* for respondent.

HANEY, P. J. The decision in this case will, because of conflicting abstracts, rest largely, if not wholly, upon the original record. The order appealed from reads as follows: "This matter coming on to be heard on the 27th day of January, 1900, upon the motion of creditors of the Central City Bank, requiring the above-named assignee to make further report of his proceedings as such assignee herein, the distribution of the balance in his hands, and such report being settled, Martin & Mason appearing as attorneys for the creditors, and said as-

signee appearing in person and with Frawley & Laffey as his attorneys, and said assignee having, on said 27th day of January, 1900, made and filed herein his supplemental report to the one made and filed by him in this court on the 11th day of July, 1894, showing his disbursements since the date of last report, together with a statement of his commissions allowed by law on business already transacted and accounted for, and the number of days' time devoted by such assignee to the management of said estate, and praying to have his commissions and allowance for extraordinary services performed, settled, and allowed by the court at this time, and the court, having examined said report, and said assignee having been examined on oath by the attorneys for the creditors herein in reference to disbursements made and time spent in the management of said estate, finds that there is, as shown by the report filed herein, on the 11th day of July, 1894, a balance of cash on hand in the hands of said assignee of the sum of $2,058.74, being the net cash on hand, after the payment of all necessary disbursements, up to the date of the filing of said report; that since said date there has been no cash receipts; that said assignee has disbursed, as shown by his supplemental report filed herein as aforesaid, the sum of $213.55, showing a balance of cash on hand on the 27th day of January, 1900, of $1,845.19. The court further finds that the total amount of business transacted by said assignee up to this date, and accounted for by him in his report herein, is the sum of $32,143.83. The commissions allowed by law on the assets so administered on and accounted for amount to $888.57, which commissions are claimed by said assignee at this date, and are now allowed by the court. The court further finds that said assignee has necessarily devoted

173 days of his time to the management of said estate since his qualification as assignee herein, and that such time is of the reasonable value of $6 per day, as suggested by said assignee in his report, showing the number of days devoted by him to the management of said estate, and that the commissions allowed by law are not sufficient compensation for the services and time given by said assignee to the management of said estate. And, the attorneys for the creditors herein objecting to the item of $108, in said report, for feed and pasturage of mortgaged horses, the court sustains said objection to the extent of $58, and allows the sum of $50 only for feed and pasturage of mortgaged horses—thereby reducing. the disbursements, as shown in said report, from $213.55 to $155.55; leaving the net cash on hand $1,903.19. I allow the defendant his commissions, $888.57. The allowance of $6 per day for 173 days being objected to, the court only allows the sum of $888.57 for extraordinary services in the way of time devoted to the management of said estate, this amount being the maximum amount allowed by law for such services; making the said assignee's total compensation for commissions and extraordinary allowance the sum of $1,777.14, which said sum of $1,777.14, is allowed to said assignee, and he is authorized to deduct the same from the cash on hand, and apply it to the payment of such commissions and allowance. After deducting the above-mentioned sums as compensation for said assignee, I find the balance in the hands of such assignee to be the sum of $126.05. As herein modified, the said accounts and reports of said assignee are settled and allowed, and the said report is in all things approved, and permitted to stand as a full and final report of the doings of said assignee in the premises to the date of the filing thereof, to-

wit, January 27, A. D. 1900." The bill of exceptions contains certain specifications of error and the following statement: "At the hearing of the supplemental report of the assignee, had before the court on January 27, 1900, the assignee was orally examined before the court, and upon such examination testified that the judgments referred to in his supplemental report, aggregating $26,196.20, cannot and could not be enforced on execution at any time since their rendition, although assignee acted in good faith in obtaining such judgments, and several attempts have been made to enforce them by execution." Appended to the bill of exceptions or statement of the case is the following certificate, signed by the trial judge: "The foregoing is hereby, within the time fixed by law and the stipulations of the parties, signed and settled as a full, true, and complete bill of exceptions herein, containing all of the evidence introduced at the hearing of the assignee's supplemental report herein, and containing all of the exceptions taken upon which plaintiffs rely."

It will be observed that the certificate conflicts with the recitals of the order respecting what evidence was taken at the hearing. It is, therefore, doubtful if the record does not affirmatively show that oral evidence was introduced on the hearing of the order, which has not been preserved in the bill of exceptions. If so, the appeal should be dismissed. Implement Co. v. Porteous, 7 S. D. 34, 63 N. W. 155; Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165. However, as the view we shall take leads to the same result, so far as this proceeding is concerned, as would a dismissal of the appeal, this objection to the record will be waived, and it will also be assumed that the order is reviewable without an affirmative showing

that exceptions were taken at the time it was made.   Each of the reports mentioned in the order was duly verified.   Subsequent to the filing of the July report the appellants and the assignee, by their respective attorneys, entered into a written stipulation, wherein it was agreed "that the amount of attorneys' fees and costs of litigation stated in said report and paid and disbursed by the defendant assignee are in all respects reasonable and satisfactory to said complainants and creditors complaining herein, and that said report may stand as the report of the assignee herein, without objection on the part of these complaining creditors herein."   Therefore the conduct of the assignee cannot be criticised, and the only question for determination is the amount of his compensation upon the facts found by the court below, affected only by the further fact that the judgments obtained in good faith could not have been enforced by execution from the time they were rendered to the time the order appealed from was entered.   "In the absence of any provision in the assignment to the contrary, an assignee for the benefit of creditors is entitled to the same commissions as are allowed by law to executors and guardians; but the assignment cannot grant more, and may restrict the commissions to a less amount, or deny them altogether."   Comp. Laws, § 4678.   "When no compensation is provided by the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the whole estate accounted for by him, excluding all property not ranked as assets, as follows: For the first thousand dollars, at the rate of five per cent; for all above that sum, and not exceeding five thousand dollars, at the rate of four per cent; for all above that sum, at the rate of two and one-half per cent.; and the same commission must

be allowed administrators. In all cases such further allowance may be made as the probate judge may deem just and reasonable, for any extraordinary service. The total amount of such allowance must not exceed the amount of commissions allowed by this section." Id., §5888. "Every guardian must be allowed the amount of his reasonable expenses incurred in the execution of his trust, and he must also have such compensation for his services as the court in which his accounts are settled deems just and reasonable.". Id., § 6008. As the compensation of guardians differs substantially from that of executors, it is obviously difficult to determine what was intended as to assignees. In this proceeding the learned circuit court evidently adopted the rule relating to executors. As that rule falls clearly within the provision of the statute governing the compensation of assignees, the creditors have no cause to complain. The assignee certainly was entitled to the compensation allowed by law to executors, if nothing more.

The contention that the assignee was not entitled to commissions upon the judgments obtained by him is untenable. It affirmatively appears that he acted in good faith in procuring them, and all his acts in relation thereto received the approval of the appellants. Under the rule adopted by the circuit court, he was entitled to commissions upon "the amount of the whole estate accounted for by him, excluding all property not ranked as assets." Assuming this to mean the value of the whole estate accounted for by him, the fact that the judgments became worthless after they were recovered—a fact not shown by any finding or evidence in the record—would not deprive the assignee of compensation based on their value when obtained. Upon the facts before us he cannot be charged with

responsibility for any depreciation in their value, and the appellants are estopped by their written stipulation from asserting that the judgments should not have been procured. In the absence of any evidence other than the assignee's verified reports, the finding of the lower court relative to extraordinary services cannot be disturbed. The amount allowed therefor was within the rule relating to the compensation of executors.

The contention that the assignee was negligent in omitting to invest the funds in his hands, and should, therefore, have been charged with interest thereon, cannot be sustained. Appellants are precluded by their stipulation from claiming interest prior to the approval of July, 1894, report, and as to the period subsequent to that time there is nothing in the record from which it can be inferred that any question relating to the assignee's liability in this respect was presented to or considered by the court below. If it was the court's refusal to allow the claim amounts to a finding that the assignee was not negligent, and there is nothing in the record to justify the setting aside of such finding. In view of the value and character of the estate, the services rendered by the assignee, and the undisputed fact that he in all things acted in good faith for the benefit of the estate, and with the approval of the appellants in respect to substantially all of his transactions, the compensation allowed him was clearly not unreasonable in amount.

The order appealed from is affirmed.