## NORTHWESTERN PORT HURON CO. v. ZICKRICK.

Where a case is tried before the judge of another district holding court for the regular judge, it is his duty to settle the bill of exceptions when presented to him at any time within the time as fixed or extended by the regular judge, although his term of office may have expired, authority to do so being expressly given by Rev. Code Civ. Proc. § 299. If he refuses to act, the bill may be settled by the Supreme Court, as provided by section 298.

(Opinion filed, Sept. 17, 1908.)

Original proceeding for an order directing settlement of bill of exceptions. Order granted.

C. H. *Winsor* and *W. F. McNaughton,* for plaintiff. *C. C. Caldwell* and *Sutherland & Payne,* for defendant.

HANEY, P. J. This is an application for an order directing the settlement of a bill of exceptions. The facts are undisputed. The action was tried at the regular May, 1906, term of the circuit court within and for Miner county, in the Ninth judicial circuit, Hon. Loring E. Gaffy, judge of the Sixth circuit, presiding. At the conclusion of the trial, a verdict was directed in favor of the plaintiff and judgment entered thereon. Subsequently defendant's motion for a new trial, based on a bill of exceptions settled by Hon. Charles E. Whiting, judge of the Ninth circuit, was granted by the court; Judge Whiting presiding. On plaintiff's appeal this order was reversed on the ground that Judge Whiting was without authority to settle the exceptions. Northwestern Port Huron Co. v. Zickrick, 22 S. D. —, 115, N. W. 525. The remittitur from this court was filed in the circuit court April 11, 1908. On the same day Judge Whiting made an order staying execution until April 28th, which stay was extended until June 5th, when it was ordered by the court "that the said defendant be, and he hereby is, relieved from his default in failing to submit to the trial judge to be by him settled, within the time provided by statute, the statement of the case heretofore prepared and agreed to by the attorneys for the respective parties * * *, and that the time within which such steps as are necessary to have said statement of the case settled by the trial judge may be taken be, and the same is hereby, extended for a period of sixty days from this date." On July 23d the proposed exceptions or statement of the case was submitted to Mr. Gaffy, who refused to settle and certify the same. On July 28th the circuit court made a further order staying execution on the judgment for a period of 60 days in order to give defendant time and opportunity to make application to this court for an order providing some proper manner for the settlement of the statement or bill of exceptions.

Notwithstanding Mr. Gaffy ceased to be judge July 1, 1906, he was authorized to settle and certify the proposed statement when

presented to him on July 23, 1908. Rev. Code Civ. Proc. § 299. It was his duty to do so. The matter did not involve the exercise of discretion on his part as to the time in which the exceptions might be settled. That was for the circuit court, or the judge thereof, to determine. Northwestern Port Huron Co. v. Zickrick, supra. The trial judge having refused to act, it was proper for the party desiring the bill settled to apply to this court to prove the same. Rev. Code Civ. Proc. § 298. Whether or not defendant will be in position to make a second motion for a new trial or to secure a rehearing upon his former motion after the exceptions shall have been settled and certified will not now be considered. We merely decide that Mr. Gaffy's refusal to act within the time allowed by the circuit court entitles the defendant to have the same settled or proved in such manner as this court may deem proper. It will therefore be ordered that the proposed bill of exceptions, or statement of the case, may be presented for proof or settlement to this court at its courtroom in the city of Pierre on Wednesday, September 23, 1908, at 10 o'clock a. m., or as soon thereafter as counsel may be heard.

FULLER, J., taking no part in this decision.