STATE ex rel. REARICK v. LEGGETT, County Auditor, et al.

(142 N. W. 974.)

**1.  Appeal—Record—Amendment of Record—Jurisdiction to Amend —Reason of Rule.**

The trial judge can amend the settled record in a case by including therein an exhibit improperly omitted, although an appeal therein has been perfected.  **Held,** further, that the power to settle, or to amend the record is independent of the existence in the person or body settling same, of jurisdiction over the action involving such record, and is a power given to the person or court best fitted in the opinion of the law making power to perform such duty, especially in view of Laws 1913, Ch. 178, Sec. 5, authorizing the Supreme Court to settle the record under certain circumstances, regardless of whether an appeal has been taken, and Sec. 6, authorizing trial judge to settle the record after he ceases to be a judge.

**2.  Record—Jurisdiction to Determine Effect of Altered Record.**

The effect of a change in settled record upon the parties' rights, and the parties' right to amend printed record to conform to an amended settled record, are matters determinable solely by the Supreme Court as an appellate court, upon proper application.

**3.  Same—Who Should Amend—Power to Amend—Mistake of Trial Judge as to Power.**

The Supreme Court is not authorized, under Ch. 178, Sec. 5, Laws 1913, to amend settled records, at least so long as trial judge has not refused to do so; and where the sole reason of trial judge's refusal to so amend is his mistaken belief that he had no power or jurisdition to do so, the Supreme Court itself will not make the amendment, but will direct the trial court to reconsider the application for amendment and act upon the merits thereof.

(Opinion filed September 8, 1913.)

Original application by the State, on relation of David Rearick, against Frank C. Leggett, County Auditor, and others, for an order directing the trial judge to amend the settled record, or, in lieu thereof, for an order of the Supreme Court amending such

record.   Order issued directing trial court to reconsider the application.

*Bartine & Bartine,* and *J. W. Jackson,* for plaintiff, relator in the order to show cause.

Respondent on the appeal herein has a right to rely upon the clerk's attaching such exhibits as have been made part of the record, in making up the record in the case in question.   Ch. 178, Secs. 2, 3, Laws 1913.   The question of materiality of the exhibit is for the Supreme Court to decide when it is considered with the records here.

If respondent had not depended upon the evidence contained in the exhibit involved, he would have put in additional evidence on the trial.   Said exhibit shows the diligence of plaintiff in taking steps to qualify, and shows that when the county commissioners met as canvassers they refused to canvass the vote for commissioners for second district; and that no one was appointed to fill the vacancy.   On the same day respondent commenced the mandamus proceedings to compel the canvass, and on November 23rd the court granted the writ.   This connects with the evidence now in the settled record, as on November 23rd the certificate of election was issued to relator.   The exhibit shows respondent's diligence.

This court has authority to order said exhibit attached to settled record; otherwise the clerk of court would have it in his power, either by failure to attach papers, or his wilfully withholding same, to change the result on appeal.

*Brown & Brown,* for Defendants, Respondents in the order to show cause.

"The law neither does nor requires idle acts" (Civ. Code, § 2431), and assuming that this court desires to follow the law, we think respondent's application to amend the settled record by incorporating therein Exhibit "C," being the decision and judgment in mandamus to compel the canvassing board to canvass the vote on commissioner in District No. 2, for which relator was a candidate, should be denied.

The affidavit on which the order to show cause is based does not disclose wherein the exhibit is in any way material; it does disclose that the exhibit is the findings and judgment in a mandamus proceeding to compel the canvassing board to canvass the

vote on commissioner.   For the express purpose of clearing the record of the incumbrance of Exhibit "C," it was stipulated that said vote was "regularly canvassed in the manner provided by law," and the result of such canvass was also stipulated into the record.   (See appellant's brief on this appeal, fols. 70, 85 and 86.)

This proceeding in this court is not authorized by statute. Laws 1913, Ch. 178.

WHITING, P. J.   [1] This is an original proceeding brought in this court under the provisions of sections 5 and 6, chapter 178, Laws 1913 (formerly sections 298 and 299, Code of Civ. Proc.), seeking either an order directing the trial judge to amend the settled record in this cause by including therein a certain exhibit received in evidence upon the trial, or, in lieu thereof, an order of this court thus amending such settled record.   It appears that the trial judge was asked to so amend the settled record; that the trial court issued an order requiring the adverse party to show cause why such amendment should not be made; and that, upon the return of said order, the trial court issued an order wherein it found that said exhibit was received in evidence, and "should have been attached by the clerk of the courts to the settled record in this action and paged, and should have been included in the order of the court as a part of the settled record," but such order further recited that such application "is denied upon the sole ground that, the appeal having already been perfected, this court is without jurisdiction to now make said order."   It thus appears that it was the view of the judge of such court that his power to settle a record depended upon the trial courts having present jurisdiction over the action itself.

The conclusion of the trial judge is in conflict with the settled law of this and many, if not all, other jurisdictions.   Foley-Wadsworth Imp. Co. v. Porteous, 7 S. D. 35, 63 N. W. 155; Hedlun v. Holy Terror Mining Co., 14 S. D. 369, 85 N. W. 861; Juckett v. Fargo Mer. Co., 18 S. D. 347, 100 N. W. 742; Coulter v. G. N. Ry. Co., 5 N. D. 568, 67 N. W. 1046; Flynn v. Cottle, 47 Cal. 527.   A very full discussion of this question and of the circumstances that should control the granting or refusing of an amendment is to be found in Haynes, New Trial & Appeal, § 160.

17—Vol. 32, S. D.

It seems to us, however, that the fundamental reason why the taking of an appeal does not affect the power of the trial court to settle a record, or amend same after settlement, has never been suggested by this court in any of the above cases. Is the power that is vested in the party who served as the trial judge upon the trial of an action or—under certain special circumstances—vested in this court, or in some person to be by this court named, a power dependent upon any present jurisdiction over the action itself, or is it rather a power given to the person who tried the cause, simply because of his peculiar fitness for the work, and regardless of any jurisdiction he may have as a court over the action at the time he is called upon to settle the record, and, when such person cannot or will not act, intrusted to this court, not as an appellate tribunal, but because of necessity, and of the fact that the lawmaking power thought this court the body best fitted to perform such duties, although it is a duty that might legally have been intrusted to some person or persons not members of the judiciary? We think it clear that the power to settle a record is one in no manner dependent upon the existence, in the person or body settling such record, of any jurisdiction over the action wherein the record was made. The person who acts as the trial judge is empowered to settle a record after he ceases to be judge. Section 6, supra; Port Huron Co. v. Zickrick, 22 S. D. 353, 117 N. W. 685. In a proper case an application can be made to this court, under section 5, to settle a bill of exceptions, or, under section 6, to direct the manner of settling same, regardless of whether or not the cause has been appealed to this court. It may well happen that such applications will be more frequently made prior to an appeal than after, as the first use for a settled record is generally upon a motion for new trial; for the purposes of such motion such applications have been made to and granted by this court. Surely the power given to this court to settle records, or to direct the manner of their settlement, is one entirely separate and distinct from its power as an appellate court, and is one intrusted to this court much like that given the judges thereof by section 461, Code Civ. Proc., which section was construed by this court in the case of Aldrich v. Publishing Company et al., 27 S. D. 589, 132 N. W. 278, wherein, in speaking of such power, it was said: "Outside of its powers as an appellate court, and out-

side of any jurisdiction which it has acquired as such appellate court, * * * it may, in a proper case, * * * grant relief, * * * which relief is granted, not by virtue of any power or jurisdiction it has acquired upon the appeal, but solely by virtue of the power given to it by said section." It is for this reason that the power given to the trial judge and to this court under sections 5 and 6, supra, may be exercised, regardless of whether the cause itself is still within the jurisdiction of the trial court or is pending upon appeal to this court.

This court has had frequent occasion, after appeal taken, to transmit a settled record back to the trial court for the purpose of allowing an amendment thereto. This was done in State v. Harbour, 27 S. D. 42, 129 N. W. 565, and Thompson v. C., M. & St. P. Ry. Co., 26 S. D. 297, 128 N. W. 809, in both of which cases matters of practice in relation to the settlement of such records and the effect thereof were discussed. In the case now before us the settled record has never been transmitted to this court.

[2] It is therefore clear that, regardless of any appeal taken, whenever good cause is shown for the settling of a record or the amendment of one already settled—even though it may be necessary to extend the time theretofore granted for the settling of a record—the trial judge retains full authority and has full right to settle a record, and should so settle or amend same when the ends of justice so require. The effect of a change in the settled record upon the rights of the parties to an appeal then pending, as well as the right of the parties to amend the printed records upon appeal so that such printed records may conform to an amended settled record, are matters to be determined solely by this court as an appellate court, upon such application as may be made thereto.

[3] The sole question remaining for our determination is whether or not this court should now act under the power given it by section 5, supra, or whether it should, under section 6, supra, direct the judge of the trial court herein. This court is not given the power to amend settled records, at least so long as the trial judge has not refused to do so. Hedlun v. Holy Terror Min. Co., supra; Jones v. Sioux Falls, 18 S. D. 477, 101 N. W. 43. While it is true that the judge of the trial court has declined

to amend the record in accordance with the true facts, yet it is also apparent that his refusal so to do was solely because he believed that he had no power or authority in the premises. The judge of the trial court is in a far better position than is this court or any justice thereof to determine the facts herein, both those relating to what took place upon the trial, and those relating to the existence of sufficient cause for excusing plaintiff for his delay in asking for such amendment.

We are therefore of the opinion that an order from this court should issue, directing the lower court to reconsider the application for the amendment of the settled record, and to act upon the merits thereof. This court does not and should not intimate what the trial court should conclude upon the merits of such application. Severson v. Milwaukee Mechanics' Mut. Ins. Co., 3 S. D. 413, 53 N. W. 860.