KIPPEN, Respondent, v. GRANT COUNTY MILLING COM-
PANY, Appellant.

(154 N. W. 443.)

(File No. 3906. Opinion filed October 18, 1915.)

1. **Appeals—Settlement of Record after Appeal—Extending Time for—Jurisdiction of Trial Court.**

    The trial court, after appeal taken to the Supreme Court, has jurisdiction to settle the record notwithstanding such appeal, and may grant an extension of time therefor on good cause shown, and may then settle the record as deemed proper.

2. **Trials—Appeals—Exceptions to Instructions, After Appeal—Jurisdiction of Trial Court, of Supreme Court, to Extend Time to Take.**

    After an appeal taken to the Supreme Court, held, that neither it nor the trial court has jurisdiction to extend the time to take exceptions to instructions to the jury.

Appeal from Circuit Court, Grant County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Thomas Kippen against the Grant County Milling Company. From a judgment for plaintiff, and from an order denying a new trial. defendant appeals. On motion to extend the time for filing exceptions and for settlement of a bill of exceptions, and to settle such bill, motion denied.

*Kaercher & Freerks,* for Appellant.

No appearance for Respondent.

McCOY, P. J. [1, 2] In this case the appellant moves this court: (1) To extend the time within which appellant may file exceptions to the instructions of the court to the jury; (2) to extend the time for settlement of what it terms to be a "bill of exceptions"; (3) to settle such "bill of exceptions." We are of the view that this motion should in all things be denied. The only ground upon which the trial court has refused to settle the record it because of its supposed want of jurisdiction so to do owing to the cause having been appealed to this court. We are of the

view that the trial court before whom this cause was tried still has jurisdiction to settle this record notwithstanding such appeal. State v. Leggett, 32 S. D. 257, 142 N. W. 974. For the reasons stated in State v. Leggett we are of the view that the judge who tried this cause might grant an extension of time for the settling of the record, provided good cause therefor shall be shown, and then settle the record in such manner as such trial court may deem proper. We are also of the view that neither this court nor the trial court now have jurisdiction to extend the time to take exceptions to the instructions to the jury.