KREMER et al., Appellants, v. PUBLIC DRUG COMPANY et al., Respondents.

(168 N. W. 57).

(File Nos. 4409, 4412.    Opinion filed June 28, 1918.)

1.   **Appeals—Error—Appeal Record, Settlement of—Ordering Steno-grapher's Transcript—Exparte Extensions of Time, Relieving Default, New Trial, Re Record, Tenability—Statute.**

After notice of intention to move for new trial was served, appellants, pursuant to Laws 1913, Ch. 178, ordered steno-grapher's transcript, and for a year thereafter various exparte orders extending time for settlement of record and making such motion were made, when trial court, upon order to show cause, made an order relieving appellants from all defaults, etc., and extending time for settling record and making said motion, to a date certain. Held, such orders wherein it extended time for such motion, should be sustained; without determining whether such motion can be heard after expiration of time for appeal from judgment below; that wherein the order extended time for settling record, same was superfluous and ineffectual, since

statute gives party ordering transcript a certain period after receipt of transcript within which to prepare record.

2.    Same—Settling Record, Special Rule For, Exclusive Supreme Court Jurisdiction—Sole Statutory Authority Re Supreme Court—Stenographer Joining Army, Effect, Re Record.

The sole statutory authority to prescribe any special rule or direction for settling record for new trial or appeal, is vested in Supreme Court, under Laws 1913, Ch. 178, Sec. 9, granting such power where record can not be settled in any manners therein prescribed. Held, further, that where the court stenographer has joined the military forces of the United States, and no other stenographer can transcribe his notes, and but a small portion of the evidence was oral and can be agreed on by counsel assisted by trial judge, Supreme Court will exercise its powers conferred by Laws 1913, Ch. 178, Sec. 6, and make a special rule or order directing manner of settling record.

Appeal from Circuit Court, Hughes County. HON. JOHN F. HUGHES, Judge.

Action by Frederick B. Kremer and Lillias A. Kremer, against the Public Drug Company and others. Judgment for plaintiff. From an order extending time for making a motion for new trial, and prescribing a special mode for settling, and the time for settling, the record, plaintiffs appeal. Defendants having applied to the Supreme Court for an order directing the manner of settling record, said matter and the appeal from said order were heard upon the appeal papers and those involved in said application. Order appealed from affirmed in part and reversed in part. Defendants' application granted.

*Crawford & Warren,* for Appellants.

*H. G. Fuller,* and *Selover, Schultz & Selover,* for Respondents.

WHITING, J. This cause was tried in the fall of 1916. The judgment of the trial court was entered in the spring of 1917. The defendants, intending to move for a new trial, gave notice of intention to so move, and in accordance with the provisions of chapter 178, Laws 1913, ordered the official stenographer to prepare a transcript of the proceedings at the trial, intending to use the same in the settling of a record for the purposes of the proposed motion for a new trial. From that time on until the spring of 1918, the trial court gave to defendants numerous ex parte orders extending the time within which defendants might settle a record and the time within which they could move for a new trial; and finally

on June 18, 1918, upon an order to show cause duly served, the said trial court made an order relieving the defendants from "all default in the preparation of a record for motion for a new trial and the making of such motion, and that the time for the settling of said record and for each and every step incident to the making of the motion for a new trial and properly bringing on same for hearing, shall be and the same is hereby extended for a period of thirty days." It also appeared, upon the hearing of such order to show cause, that certain facts existed rendering it impossible for the record herein to be settled in any one of the manners provided by chapter 178, Laws 1913. In its order of June 18, 1918, the trial court made an order prescribing a special and different mode for the settling of such record than any prescribed by said chapter 178, Laws 1913. From this order of June 18, 1918, and the whole thereof, the plaintiffs have appealed.

Apparently being doubtful of the jurisdiction of the trial court to make an order prescribing a special mode or rule for the settlement of a record, defendants on the 19th day of June, 1918, moved this court asking that this court, by order, direct the method for the preparation and settlement of a record in this case, on which record a motion for new trial might be based. An order to show cause being granted, this motion was brought on for hearing upon which hearing it appeared, by the affidavits submitted, that the official stenographer had wholly failed to furnish the transcript as was his duty under the order that had been given him for transcript; that but a short time ago the official stenographer entered the military service of the United States, and so entered such service without any knowledge upon the part of defendants' counsel that he contemplated entering same; that, by reason thereof, it would be impossible for said stenographer to prepare a transcript herein; that the stenographic notes taken by such stenographer are in such condition that it is impossible for any other stenographer to transcribe the same; that most of the evidence taken upon the trial of this case was in the form of exhibits or depositions and but a small part thereof the testimony of witnesses given on the witness stand at the trial; that this oral testimony was of such a nature that the counsel who participated in the trial should, and we believe can, with the assistance of the trial judge, be able to agree upon a statement thereof, fairly presenting the merits of any alleged errors

which defendants might desire to urge upon motion for a new trial.

By stipulation of counsel made in open court, it was agreed (and this court was so requested) to consider and pass upon the said appeal without any further record than that before us upon the order to show cause, and without the formality of printed briefs herein. The court is of the opinion that the questions presented are such that they can be properly disposed of in this opinion in connection with the questions arising upon the order to show cause.

[1] As regards that part of the order appealed from which extends the time within which defendants might move for a new trial, we are of the opinion that such order should be sustained, though in sustaining such order we do not wish it to be understood that we, in any manner, pass upon or determine whether the motion for a new trial herein can be properly heard after the expiration of the time within which an appeal from the judgment herein should be taken.

As regards that part of said order which extends the time for settling the record herein, we are of the opinion that same is superfluous and of no effect, for the reason that the statute itself gives to the party ordering a transcript a certain period after the receipt of the transcript from the stenographer within which to prepare his proposed record, and therefore the defendants needed no order of extension and such order was of no effect.

[2] We are of the opinion that there is no authority in the statutes of this state granting to courts other than this court the power to prescribe any special rule or direction for the settling of a record for the purposes of a new trial or for appeal. The sole authority therefor is to be found in section 6, c. 178, Laws 1913, which authority is conferred upon this court. State ex rel. Rearick v. Leggett, 32 S. D. 255, 142 N. W. 974.

[3] As regards the application to this court to fix a special rule or make an order directing the manner of settling a record herein, we are of the opinion that this court should exercise the power given it by the law above referred to, and a special rule or order will be by this court issued herein.

The order appealed from is affirmed in so far as it extends the time for making a motion for a new trial; it is held for naught in so far as it extends the time for settling of a record; and it is re-

versed in so far as it attempts to prescribe the method for settling a record herein. All without costs to either party.