Note.—Reported in 207 N. W. 53. See, Headnote (1), American Key-Numbered Digest, Stipulations, Key-No. 14(7), 36 Cyc. 1291; (2) Appeal and error, Key-No. 232(2), 3 C. J. Sec. 733; (3) Evidence, Key-No. 341, 22 C. J. Sec. 937; (4) Assignments, Key-No. 121, 5 C. J. Sec. 194; (5) Parties, Key-No. 76(1), Pleading, 31 Cyc. 172, 296; (6) Bridges, Key-No. 20(1), 9 C. J. Sec. 25 (Anno.).

Materials furnished for structure, but not actually used therein as basis of a mechanic's lien, see note in 31 L. R. A. (N. S.) 746.

On Rev. Code 1919, Sec. 2306, see annotations Kerr's Cyc. Code 1920, Civ. Proc., Sec. 367.

---

## McGRAW COMPANY, Appellant, v. BAUER, Respondent.

### (207 N. W. 66.)

(File No. 5328.   Opinion filed January 23, 1926.)

1. **Bills and Notes—Evidence—Direct Proof of Transferee's Notice of Infirmity Unnecessary.**

    Direct proof of transferee's notice or knowledge of infirmity in note at time of acquiring it is unnecessary, if circumstances fairly establish such facts.

2. **Bills and Notes—Jury—Fraud—Whether Plaintiff Was Good-faith Holder of Note Held for Jury.**

    Whether plaintiff was good-faith holder for value before maturity of note, without notice of alleged fraudulent procurement, held for jury.

Appeal from Circuit Court, Faulk County; Hon. J. H. Bottum, Judge.

Action by the McGraw Company against H. A. Bauer. From a judgment for defendant, and an order overruling a motion for new trial, plaintiff appeals. Affirmed.

*F. E. Snider,* of Faulkton, for Appellant.

*Moriarty & Erwin,* of Redfield, and *Roy A. Nord,* of Faulkton, for Respondent.

Appellant cited: American Nat. Bank v. Lundy (N. D.) 129 N. W. 99; Ochsenreiter v. Block (S. D.), 173 N. W. 736.

BURCH, C. [1] Plaintiff sues to recover of the defendant upon a promissory note delivered by the defendant to the Faulk County Power Company, and by it indorsed and transferred to plaintiff before maturity. Defendant pleads that the note was obtained from him by false and fraudulent representations, and delivered upon conditions which were not fulfilled. At the close of the testimony the plaintiff moved for a directed verdict, and the sole question upon appeal is whether or not the court erred in refusing to direct a verdict in favor of plaintiff. Appellant contends that there is no evidence that plaintiff was not a holder of said note in good faith; that the defendant wholly failed to produce testimony tending to show that plaintiff was guilty of fraud, or had knowledge of any infirmity in the note; and for that reason the verdict should have been directed for the plaintiff, citing Oschenreiter v. Block, 42 S. D. 154, 173 N. W. 736. It may be conceded that, unless there is some evidence tending to show bad faith or knowledge of some infirmity in the note, a verdict should have been directed. However, a fraudulent intention of parties to a transaction may be established by inference from their acts, and need not be proven by direct testimony. To establish bad faith it is not necessary that direct proof of notice or knowledge of infirmity in the note be produced. It is sufficient if the circumstances fairly establish such facts. Rochford v. Barrett, 22 S. D. 83, 115 N. W. 522; Union National Bank v. Mailloux, 27 S. D. 543, 132 N. W. 168; McGill v. Young, 16 S. D. 360, 92 N. W. 1066.

[2] The evidence of the defendant is voluminous and entirely circumstantial. That the evidence of defendant is sufficient to defeat the notes in the hands of the Faulk County Power Company is not disputed. To overcome plaintiff's proof that it was a good-faith holder for value before maturity, defendant showed that Max McGraw, president of the plaintiff, was owner of the light plant at Faulkton shortly prior to the incorporation of the Faulk County Power Company, and negotiated a sale of the plant

to the incorporators of said company at a price of $30,000. That shortly before McGraw became the owner the McGraw Company owned the plant, and sold it to McGraw for $4,000 or $5,000. That, in payment of the $30,000, McGraw accepted a mortgaged quarter section of land near Faulkton for $5,000, which he did not take the trouble to examine, though he was at Faulkton at the time the deal was made. He also took $5,000 in checks from Fee, one of the incorporators, knowing there were no funds to meet the checks. That he went to Pierre with the incorporators when the incorporators went to Pierre to incorporate the company. That before the corporation was completed he began negotiating with the incorporators to sell them an engine from the ruins of the Pierre fire at the price of $12,500, which, he did not deny, was one of the three engines taken over at an aggregate cost of $2,800. In connection with this engine he offered to throw in a shaft, and stated to the incorporators that they might never need to use it, but they could capitalize on it by issuing stock for its value. That the engine deal was closed before incorporation, but a formal contract was not made until after the incorporation. That the McGraw Company, appellant, made with the Faulk County Power Company through the original incorporators, who had elected themselves the officers of the incorporation, a contract for the sale to such company of supplies to the value of $10,000, and took notes therefor, with the understanding that such notes were to be replaced by notes of farmer stockholders, and it was agreed that the prices should not be competitive prices, unless the buyer should pay all its indebtedness under the contract before January 1, 1921. That stock was issued by the company to the total face value of $72,000.00. That in January, 1921, appellant began an action for a receiver, and the receiver took possession of the assets of the Faulk County Power Company, and allowed claims against the company of about $34,500. That appellant owned 51 per cent. of these claims. That the president of appellant was present at the receiver's sale, where the property was sold for $10,000. That this sale included the sale of all property originally sold by McGraw to the Faulk County Power Company, and all material afterwards furnished and a large amount of property furnished by others. This evidence, tending to show the relation of plaintiff in the transactions leading to the incorporation of the

Faulk County Power Company, its relation with said company thereafter, the manner of acquiring the note, and the character and amount of the consideration paid therefor, was sufficient to raise an issue for the jury.

The judgment and order overruling motion for new trial are affirmed.

DILLON, J.   I agree with the conclusion arrived at, but think that the facts of the case are not specifically stated in the opinion.   The amount of the promissory note, upon which the action is based, is not mentioned.   No statement that the case went to the jury is made.   The whole opinion leaves too much to be assumed.

Note.—Reported in 207 N. W. 66.    See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 525, 8 C. J. Sec. 1358; (2) Bills and notes, Key-No. 537(6), 8 C. J. Sec. 1376.