## SEVERSON v. MILWAUKEE MECHANICS' MUT. INS. CO.

1. Section 5068, Comp. Laws, providing that if a judge die, is removed from office, becomes disqualified, or removes from the state, before settling a bill of exceptions or statement in a case which he has tried, it shall be settled and certified in such manner as the supreme court may by its order or rules direct, was only intended to supply a manner in which a bill might be settled in a case in which otherwise none could be settled.

2. It was not intended that under it this court should first examine into the circumstances and merits of each application, and determine whether or not the party so applying was entitled to have a bill settled.

3. When the exigency named in the section, to wit, the death, disqualification, or absence of the trial judge, is shown to exist, it is the duty of this court, under said section, to direct some manner in which a bill may be settled.

4. This will generally be done by authorizing some other judge to act in the matter; and his decision, either in settling or declining to settle a bill, will be subject to review in the same manner as if such action were taken by the trial judge.

(Syllabus by the Court.  Opinion filed Dec. 16, 1892.)

Application to the supreme court, under Comp. Laws, § 5086, by John M. Severson against the Milwaukee Mechanics' Mutual Insurance Company, to direct the manner of settling a bill of exceptions.    Allowed.

The facts are fully stated in the opinion.    No briefs filed.

*Robert J. Gamble*, for plaintiff.

*L. B. French*, for defendant.

KELLAM, J.    This is an application to this court, under section 5086, Comp. Laws, for an order directing the manner in which a bill of exceptions may be settled in the above case.    The application is resisted upon grounds noticed in this opinion.    The section is as follows:  "A judge may settle and sign a bill of exceptions after, as well as before, he ceases to be such judge.    If such judge, before the bill of exceptions is settled, dies, is removed from office, becomes disqualified, is absent from the state, or refuses to settle the bill of exceptions, or if no mode is provided by law for the settlement of the same, it shall be settled and certified in such manner as the supreme court may, by its order or rules, direct. Judges of the district (circuit) court and the supreme court shall respectively possess the same power in settling and certifying statements as is by this section conferred upon them in settling and certifying bills of exceptions."    The affidavit or petition upon which this application is based sets forth at length that the action was tried before the. Honorable JAMES SPENCER, then one of the district judges of the territory, resulting in a verdict for plaintiff, upon which judgment was entered on the 24th day of December, 1888; that within the time limited by statute the defendant served notice of its intention to move for new trial; that afterwards, and in proper time, defendant served its proposed statement preparatory to a motion for a new trial, to which plaintiff served amendments.    The statement was never settled by the judge.    Before this application was made to this court, Judge SPENCER had ceased to be a resident of, and was permanently ab-

sent from, the state. The affidavit further shows that the present judge of the circuit within which the case was tried was formerly an attorney in the case, and therefore disqualified to act in the matter. Affidavits and counter affidavits were presented upon the question of the diligence of defendant in the matter of procuring the settlement of the bill or statement by Judge SPENCER prior to his removal, or by some other judge since.

We think that these questions, whether the defendant, after the lapse of three years from the entry of judgment, may have a statement settled under any circumstances, and, if so, whether the facts stated show such diligence as commends the case to the favorable discretion of the court, are not for this court at this time to determine. These are original, and not appellate, questions. The duty of this court is to direct "the manner" in which a bill or statement may be settled, if it find that it is a case in which "no mode is provided by law." To provide a way in which a bill can be settled under the exigencies named in the statute is the scope of the law, not to commit to this court the duty of examining and deciding such questions as may be raised, as to whether the moving party has regularly pursued the rules of practice, or, if not, if his default ought to be excused. The only occasion for the passage of the section was that otherwise, in the contingency named, no mode would be provided in which a bill or statement could be settled. Its purpose, and I think its only purpose, was to meet such exigency; and, in the absence of amplifying terms, its scope and breadth must be determined and measured by the demand which brought it into being. That this has heretofore been the view of this court as to the scope of this statute, and the duty of this court under it, would appear from its disposition of a former application under the same section. McCormick Harvesting Co. v. Snedigar, in which no opinion was written, was an application to this court, under this section, on account of the removal from the state of Judge SPENCER, who tried the case. The order of the court was drawn by one of its judges, and is as follows: "It is therefore ordered that the said application be referred to Hon. J. O. ANDREWS, judge of the third circuit, who is the official successor of said trial judge, SPENCER; and he is hereby authorized, if he shall find defendants

entitled thereto, to settle and certify a bill of exceptions or state-
ment herein, in the manner, as nearly as practicable, as though
said action had been tried before him." The statute evidently
contemplates that this court may dispose of such cases as this by
a special "order" for each case, or by general "rules" for all cases.
The duty of this court in the premises would be fully met by a
general rule providing that in case the trial judge, "before the bill
of exceptions is settled, dies, is removed from office, or becomes dis-
qualified, a bill of exceptions or statement may be settled by his
successor in office, and, if such successor is also disqualified, it shall
be referred to the judge of an adjoining circuit, residing nearest
the place of trial, to settle such bill in the same manner, subject
to the same conditions and with like effect, as though such judge
had tried the case." If this court had heretofore established and
promulgated such a rule, no application would have been made
to this court; but the proper circuit judge, under such rule, would
have been called upon to settle the bill, in the same manner, and
with the same power and duty to decide preliminary questions
as the trial judge would have had. We think such general rule
would fully meet the purpose and intent of the statute, by fur-
nishing a means and directing the manner for settling a bill or
statement in the contingency named, to wit, where no mode is
provided by law. But if the duty of this court, under such sec-
tion, would be discharged by the establishment of a general rule
like the foregoing for all cases, then it will be equally discharged
as to this particular case by applying to it the provisions of such
rule.

It is urged, however, that this court should deny this applica-
tion for the reason that upon the facts disclosed in the petition
the defendant, on account of its own laches, is not now entitled
to have a bill settled, and, further, that it would be of no practical
or substantial use if it were settled, for the reason that no appeal
could now be maintained from an order refusing a new trial. We
do not think the section under consideration submits either of
these questions to this court for decision in the first instance.

It is also suggested that the allowance of this application
means that this court will entertain and allow a similar applica-

tion in any case, without regard to the age of the judgment. This conclusion is entirely consistent with our view of the purpose and meaning of this statute. As already observed, it was not intended that this court should examine the merits of individual cases, and direct a manner in which bills might be settled in such cases only as, after examination, it regarded favorably. The only purpose of the law was to provide a means for bridging over the gap occasioned by the absence of the trial judge. We do this by designating another judge, and qualifying him to act in the matter in the same manner as though he had been the trial judge. If it appear to such judge that, considering all the circumstances of the case, the party so applying is not entitled, under the law and rules of practice, to have a bill settled, he will refuse it, just as he would if he had been the trial judge. If either party is dissatisfied with his decision, either in settling or refusing to settle a bill, he has the same remedy as though such action were taken by the trial judge. The objection would be very forceful if this court directed the judge designated to proceed and settle the bill, but it does not. It only directs a manner or mode in which a bill or statement may be settled in a case in which otherwise it could not be settled at all.

In accordance with these views, an order will be entered, referring it to Hon. D. HANEY, judge of the fourth judicial circuit; and he is authorized, if he shall find the defendants entitled thereto, to settle and certify a bill of exceptions or statement herein, in the manner, as nearly as practicable, as though said action had been tried before him. All the judges concurring.