### Juckett v. Fargo Mercantile Co. *et al.* (two cases).
### Fargo v Juckett *et al*

1. Where there is a notice of intention to move for a new trial on a bill of exceptions to be thereafter filed, followed by service of the proposed exceptions, that portion of the record is correctly designated a statement of the case, rather than a bill of exceptions; the only difference between the two being that the statement of the case follows a notice of intention to move for a new trial.

2. Rev. Code Civ. Proc. § 303, subd. 3, provides that if the motion for a new trial is to be made on a statement of the case, the moving party must, within twenty days, or such further time as the court or judge may allow, prepare a draft of the statement, and serve the same or a copy on the adverse party; that if the proposed statement be not agreed to by the adverse party, he must, within twenty days thereafter, prepare amendments, and serve the same, or a copy thereof, on the moving

party; and that if no amendments are served within the time designated, or, if served, are allowed, the proposed statement and amendments, if any, may be presented to the judge for settlement without notice to the adverse party.  Held that, by failing to serve amendments, the adverse party agrees to the statement as proposed by the moving party, and it is properly presented for settlement without notice to the adverse party.

3. Where a statement of the case, unobjected to, recites the due service of notice of intention to move for a new trial within the time allowed by law, the adverse party is precluded from asserting that notice of intention was not served within due time.

4. Where the judge's certificate to a statement of the case is to the effect that the statement was served within the time allowed by law, after notice of intention, and such certificate is uncontradicted, the statement cannot be stricken from the record on the ground that it was not settled within the time or in the manner required by law, though more than two years may have elapsed between the entry of judgment and settlement of the statement.

5. Exceptions may be settled after an appeal has been perfected.

6. Where a statement is served in time after notice of intention to move for a new trial, it is immaterial when the appeal is taken.

7. Under Sup. Ct. Rule 27, the failure to serve and file an abstract within the time required affords no reason for striking an abstract from the record.

(Opinion filed August 31, 1904.)

Actions by Elmer R. Juckett, trustee, against the Fargo Mercantile Company and others, and by Hattie M. Fargo against Elmer R. Juckett, trustee, and another.  Actions consolidated.  From the judgment the defendants in the first two actions and Hattie M. Fargo, plaintiff in the third action, appeal.  On motion to strike out the bill of exceptions or statement of the case.  Motion denied.

The affidavit disclosing the circumstances attending the preparation and printing of appellants' abstract, which, in con-

nection with the stipulation recited in the opinion, the court holds to be sufficient to excuse delay, is as follows: William H. Wilson, being duly sworn, upon his oath says: That he is a member of the law firm of Wilson & Wilson, of Hot Springs, S. D., who are, and since the commencement of said suits have been, attorneys for the defendants, Fargo Mercantile Company, Charles G. Fargo, and Hattie M. Fargo, in the two actions first above entitled, and attorneys for the plaintiff, Hattie M. Fargo, in the suit last above entitled; that said three actions were by order of the court consolidated and tried together; that the Honorable LEVI McGEE, judge of said Seventh circuit, is now temporarily absent from this state, and does not, as affiant is informed and believes, intend to return thereto until on or about the 15th day of December, 1902; that heretofore the said actions were tried together, and findings and judgments were made and entered therein in favor of the plaintiff and against the defendants in said first-named action, and in favor of the defendants and against the plaintiff in said last-named action, and that affiant's clients intended in good faith to move for a new trial of said actions, and, if said motions are denied, to appeal from said judgments and from the order denying a new trial to the Supreme Court of this state; that for the purpose of making said motion for a new trial, said Wilson & Wilson heretofore prepared from the court stenographer a transcript of the evidence in said cases; that in said judgment in favor of said Elmer R. Juckett, trustee, costs were awarded in his favor against said clients of affiant aggregating $93 and some cents, and executions were heretofore issued to enforce the collection of said costs; that on the 11th day of November, 1902, the said

court made its order that execution upon the judgment for costs herein be stayed for 30 days from that date, in order to enable affiant's clients to perfect their said appeal, which stay will expire on the 11th day of December next; that no notice of the entry of said findings, decision, or judgment was ever served upon the affiant's clients or their attorneys; that on account of other engagements, said Wilson & Wilson have been unable to prepare the bill of exceptions herein, and make the said motion for a new trial and to perfect said bill within the time limited; that in order to make the said motion for a new trial, it is necessary to prepare and have settled the bill of exceptions herein; that the record in said three actions is very voluminous, and that in order to prepare said bill of exceptions it is necessary to make copies of many lengthy documents and court records, to be made a part of said bill of exceptions; that S. E. Wilson is the senior member of said firm of Wilson & Wilson, and affiant's clients relied upon him, and he expected to do the principal work in the matter of the preparation of said bill of exceptions; that on account of the illness of his wife, said S. E. Wilson has been compelled to be absent from said Fall River county for several months past, and he returned to Hot Springs, in said Fall River county, about six weeks ago; that since his return to Hot Springs, said S. E. Wilson has been busily engaged in moving his office from one building to another in said Hot Springs, and in attending to various pressing matters of business that had been neglected during his absence, and has also been very busy with other professional engagements, and that by reason of the said facts said S. E. Wilson has been so far unable to prepare the said bill of exceptions, and that it would have been a physical impossibility

to have prepared the said bill of exceptions and settled said bill of exceptions, make the said motion for a new trial, and perfect the said appeal, within the said 30 days fixed by said order; that said bill of exceptions is now being prepared, and that it will require at least a week or 10 days to complete the same, and that in the judgment of the affiant it will require at least 50 days from this date in which to prepare and settle said bill, move for a new trial, and perfect said appeal; that there is not time before the expiration of said stay of execution to serve the ordinary six days' notice of motion for a further stay. Wherefore, the said defendants and said Hattie M. Fargo pray for an order on the said plaintiff in said first two actions above entitled, and upon the defendants in said action last above entitled, to show cause why affiant's said clients should not have a further stay of execution herein for at least fifty days, for the purposes aforesaid.

*Wilson & Wilson* and *Charles W. Brown,* for appellants.

*Cleveland & Juckett* and *Chauncey L. Wood,* for respondents.

HANEY, J. In these three actions, which were consolidated in the court below, respondents moved to strike out the bill of exceptions or statement of the case and appellants' abstract. There is no difference between a statement and bill of exceptions in form or substance, except that the former follows a notice of intention to move for a new trial. People v. Crane, 60 Cal. 279. In the cases at bar there was a notice of intention to move for a new trial upon "a bill of exceptions to be hereafter settled," followed by service of proposed exceptions; therefore the portion of the record sought to be excluded by defendants' motion should be termed "a statement of the case."

The contention that the statement was not settled within the time or in the manner required by the statute is untenable. It appears from an affidavit indorsed on the statement that a copy of the "proposed bill of exceptions" was personally served on one of the respondents' attorneys at Hot Springs, in this state, January 22, 1903. The statement, as proposed and as settled, contains these recitals: "No notice of the entry of said decision, findings, conclusions, and judgment, or either thereof, was ever served upon the said defendants in said two actions first above entitled, or either of them, or upon the plaintiff Hattie M. Fargo. That thereafter, and within the time allowed by law, the said defendants in said two actions first above entitled and the plaintiff Hattie M. Fargo duly served upon plaintiffs' attorneys the following notice." (Here follows notice of intention.) The certificate of the trial judge is as follows: "The foregoing bill of exceptions having been duly proposed and served within the time allowed by law, and no amendments thereto having been proposed, served, or filed, and the said bill of exceptions being this day presented to the undersigned, the judge of the above-entitled court, who heard and tried said actions, and I being satisfied that the said bill of exceptions as heard and now presented is a full, true, and correct bill of exceptions, containing all the testimony and evidence introduced or offered at the trial of said actions, also all objections made or taken by said parties, the said plaintiffs and the said defendants, and each of them, upon the trial of said actions, together with the rulings and orders of the court thereon, and the exceptions of said parties, or either of them, thereto, the said bill of exceptions is hereby by me allowed, approved, signed, and sealed, and hereby by me made a part of the judgment roll and

record in said actions.  Done at Rapid City, in the said circuit and state, this 13th day of February, A. D. 1903.  [Signed] Levi McGee, Judge."  These provisions are found in the statute:  "If the motion is to be made upon a statement. of the case, the moving party must within twenty days after service of the notice, or such further time as the court in which the action is pending, or the judge thereof, may allow, prepare a draft of the statement and serve the same, or a copy thereof, on the adverse party.  If such proposed statement be not agreed to by the adverse party, he must within twenty days thereafter prepare amendments thereto and serve the same, or a copy thereof, upon the moving party.  If the amendments be adopted the statement shall be amended accordingly, and then presented to the judge who tried or heard the cause, for settlement, or be delivered to the clerk of the court for the judge.  If not adopted, the proposed statement and amendments shall within ten days thereafter be presented by the moving party to the judge, upon five days' notice to the adverse party, or delivered to the clerk of the court for the judge; and thereupon the same proceedings for the settlement of the statement shall be taken by the parties, and clerk, and judge, as are required for the settlement of bills of exception by section 296.  If no amendments are served within the time designated, or, if served, are allowed, the proposed statement and amendments, if any, may be presented to the judge for settlement, without notice to the adverse party."  Rev. Code Civ. Proc. § 303, subd. 3.  By failing to serve amendments, respondents agreed to the statement as proposed by appellants.  Because no amendments were served, the proposed statement was properly presented for settlement without notice.  By

18 S. D.—23

reason of its recitals, respondents are precluded from asserting that notice of intention was not served within due time, and the judge's certificate, to the effect that the statement was served within the time allowed by law, after notice of intention, being uncontradicted, no valid reasons appear to exist for striking the statement from the record. This conclusion is not affected by the fact that more than two years may have elapsed between the entry of judgment and settlement of the statement. Exceptions may be settled after an appeal has been perfected. Hedlun v. Holy Terror Mining Co., 14 S. D. 369, 85 N. W. 861; Implement Co. v. Porteous, 7 S. D. 34, 63 N. W. 155; Severson v. Ins. Co., 3 S. D. 412, 53 N. W. 860. If the statement was served within the required time after notice of intention to move for a new trial, it is immaterial when the appeal was taken.

On November 25, 1903, it was stipulated in writing that appellant should have 15 days in which to serve and file an abstract and 90 days in which to serve and file a brief. Appellants' abstract was filed December 22, 1903, their brief February 23, 1904, and respondents' additional abstract March 15, 1904. In view of the stipulation and circumstances attending the preparation and printing of appellants' abstract, disclosed by their affidavits, it is clear that whatever delay may have occurred was excusable. Moreover, though failure to serve and file an abstract within the required time may be ground for dismissing the appeal, it affords no reason for striking an abstract from the record. Rule 27.

Respondents' motion is denied, with leave to serve and file a brief within 30 days.