## NORTHWESTERN PORT HURON CO. v. ZICKRICK.

The appellate court will take judicial notice of the expiration of the term of the judge of the trial court pending the time for settlement of the bill of exceptions.

Where an action was tried by one judge the statement may not be settled by another, although the term of office of the trial judge may have expired, under Rev. Code Civ. Proc. § 299, providing that a judge may settle and sign a bill of exceptions after he ceases to be judge, and that in case, before the settlement, he dies, is removed, becomes disqualified, is absent from the state, or refuses to settle it, it shall be settled as the Supreme Court directs, where it does not appear that the trial judge was absent from the state or refused to settle the statement, or that the other judge was authorized by the Supreme Court to do so.

Although the local judge has called in a judge from another district to try a case, he may resume jurisdiction after settlement of the statement by the trial judge and order a new trial, unless he is disqualified by interest in the action or otherwise.

Where an action has been tried before a substitute judge, a motion for a new trial before the regular judge, not previously presented to the substitute judge, and made on the ground of erroneous rulings at the trial, is not within the rule that prohibits one judge from reviewing decisions of a co-ordinate judge.

Rev. Code Civ. Proc. § 299, provides that if the judge who tries a case shall die before settlement of the bill of exceptions, or be removed or become disqualified or be absent from the state or refuse to act, the bill of exceptions shall be settled and certified in such manner as the Supreme Court may direct. In an action tried before a substitute judge, the bill of exceptions was settled and certified by the regular judge, the term of the substitute judge having expired. A motion was made in the Supreme Court on appeal to have the statement referred back to the substitute judge for certification by him that it was a true statement of the proceedings at the trial, and that when so certified the Supreme Court should direct that such certificate be deemed to have been made as of the original date when the statement should have been certified, and that respondent be allowed time to file amended abstracts and serve his brief in the action. **Held,** that the power of the Supreme Court did not include such relief being limited to the specific cases provided for in the statute, none of which were made to appear.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Miner County.

Action by the Northwestern Port Huron Company against H. W. Zickrick. From an order granting defendant a new trial, plaintiff appeals. Reversed.

*W. E. Dodge* and *Winsor & McNaughton,* for appellant. *A. E. Chamberlain* and *C. C. Caldwell,* for respondent.

CORSON, J. This is an appeal by the plaintiff from an order granting the defendant a new trial by the circuit court of the Ninth judicial circuit. It is disclosed by the record that an action was commenced by the plaintiff to recover from the defendant certain moneys alleged to be due it from him; that the defendant answered, and that a trial was had of the action before the Hon. Loring E. Gaffy, judge of the Sixth judicial circuit, who was called in to try the case by the Hon. Charles S. Whiting, judge of the circuit court for the Ninth judicial circuit, in May, 1906; that upon the trial a verdict was directed and judgment duly entered thereon in favor of the plaintiff; that the time for serving notice of intention to move for a new trial and settlement of the bill of exceptions or statement of the case was extended from time to time until the 14th day of September, 1906; that a settlement of the case was prepared by the defendant's counsel, served upon the counsel for plaintiff, to which amendments were prepared and served by plaintiff's counsel; that on the 15th day of August, 1906, a stipulation was entered into between the attorneys for the respective parties, in which it was stipulated "that the amendments to the defendant's proposed statement to the case as proposed by the plaintiff be inserted in the statement of the case originally proposed,   *   *   *   and that the said proposed amendments be considered as so inserted; that upon these conditions the judge be authorized to settle the proposed statement of the case, including the proposed amendments." It is further disclosed by the record that on the 27th day of August the statement of the case was settled by the Hon. C. S. Whiting, judge of the Ninth judicial circuit, and that on September 24th the case came on before the court, Judge Whiting presiding, upon the motion for new trial; that the court proceeded on such hearing to briefly review the devision of Judge Gaffy, and held that on the trial the trial judge had committed error in refusing to admit cer-

tain testimony offered by the defendant, and concluded that the defendant should have been allowed to give such evidence, and thereupon granted a new trial. The plaintiff assigns as error (1) that the Hon. C. S. Whiting, judge of the Ninth judicial circuit, erred in assuming jurisdiction to settle and sign the statement of the case; (2) that the judge of the Ninth judicial circuit erred in assuming jurisdiction to hear and determine the motion for a new trial; (3) that the court of the Ninth judicial circuit erred in granting a new trial. The only questions presented for our consideration are as to whether Judge Whiting was authorized to settle the statement, and was authorized upon the statement so settled by him to grant a new trial.

It will be observed that the action was tried by Judge Gaffy, the judge of the Sixth judicial circuit; that the statement of the case was settled by the judge of the Ninth judicial circuit, and the motion for a new trial was granted by the circuit court of the Ninth judicial circuit, and that it was granted for alleged errors of the trial court in refusing to admit evidence, which fact could only be shown by a bill of exceptions or a statement of the case. But so far as the record disclosed, it does not appear that Judge Gaffy was absent from the state or that he refused to settle the bill of exceptions. It is true that Judge Gaffy's term of office expired about the 1st of July, 1906, of which fact this court will take judicial notice. In proceedings for a new trial it is provided, among other things, by subdivision 3 of section 303 of the Revised Code of Civil Procedure, that "if the amendments be adopted the statement shall be amended accordingly and then presented to the judge who tried or heard the case for settlement; or be delivered to the clerk of the court for the judge." And by section 299 of the Revised Code of Civil Procedure it is provided: "A judge may settle and sign a bill of exceptions after, as well as before, he ceases to be such judge. If such judge, before the bill of exceptions is settled, dies, is removed from office, becomes disqualified, is absent from the state or refuses to settle the bill of exceptions, or if no mode is provided by law for the settlement of the same, it shall be settled and certified in such manner as the Supreme Court may, by its order or rules direct. Judges of the circuit court and the Supreme

Court shall respectively possess the same power in settling and certifying statements as is by this section conferred upon them in settling and certifying bills of exceptions." It will be observed that by the latter section the judge who tried the case may settle the bill of exceptions after as well as before he ceases to be such judge. It does not appear from the record in this case that Judge Gaffy was absent from the state or refused to settle the statement of the case, but it will be observed that, if he had been absent or refused to settle the same, a method is provided by that section for the settlement of the bill of exceptions, and that Judge Whiting, without an order from this court authorizing him so to do, could not legally settle the same. This section of the Code was fully considered by this court in the case of Severson v. Milwaukee Mechanics' Mut. Ins. Co., 3 S. D. 412, 53 N. W. 860, and the proceedings necessary in settling the bill of exceptions fully pointed out. It is quite clear that in the present case Judge Whiting, not having tried the case, was not authorized to settle the statement of the same, and that Judge Gaffy, notwithstanding his term of office had expired, presumptively continued to reside within the state, and should have been applied to settle the statement, and, had he refused to do so, application could have been made to this court for an order directing the manner in which the same should be settled. As has been frequently stated, three parties are interested in the settlement of the bill of exceptions or statement, viz.: The respective parties to the action, and the judge who presided at the trial. Notwithstanding the fact that Judge Gaffy's term of office had expired, he was nevertheless entitled, if within the state and willing to do so, to settle the bill of exceptions and see that a proper record was made of the proceedings taken by him on the trial.

It is further contended by the learned counsel for appellant that Judge Whiting, even had the statement been settled by Judge Gaffy, had no authority to review Judge Gaffy's decision and reverse his rulings on the trial, and that his only authority, upon a statement having been properly settled by the trial judge, was to deny the motion for a new trial pro forma that an appeal might be taken to the appellate court. This contention is untenable. It is

not suggested by the learned cousel for the appellant that Judge Whiting was interested in the action or otherwise disqualified to act therein; hence, upon the conclusion of the trial of the action by Judge Gaffy and the return and entry of the verdict of the jury, Judge Whiting still retained all the powers vested in him by virtue of his office as to all subsequent proceedings in the case, except the settlement of the bill of exceptions or statement, including the hearing and determination of a motion for a new trial, and the powers vested in the circuit judge or court by section 306 of the Revised Code of Civil Procedure. Section 34 of our Revised Code of Civil Procedure, imposing upon the circuit judges the duty of holding courts for the judges of other circuits, while granting to such judges exceedingly broad and comprehensive powers, evidently intended to provide for every possible contingency that may arise in the course of judicial proceedings in the circuit courts and prevent delay in the disposition of business in those courts, has not in any manner abridged the powers of the circuit judges of the circuit, when not interested or otherwise disqualified, to perform the duties of judges in their own circuits, and the authority of the circuit judge of the circuit to perform any of the duties required of him in the exercise of his judicial functions continues in full force. It follows, therefore, that when the judge of another circuit returns to his own circuit, or his term of office has expired, the unfinished business of the court may thereafter be disposed of by the judge of the circuit in the same manner as the ordinary business of the court, and his acts and decisions, orders and rulings, will be as valid and binding as those made by him in the ordinary discharge of his duties as circuit judge.

The court, in granting a motion for a new trial not previously passed upon by the trial judge, does not in contemplation of law review the decision of the trial judge within the meaning of that expression as used in the cases cited by the learned counsel for the appellant. Undoubtedly, where a motion has been heard and determined by one circuit judge and no leave given to renew the motion, the same motion cannot be heard by another circuit judge upon the same state of facts. Bank v. Jennings, 4 N. D. 228, 59 N. W. 1059. But the rulings made by the trial judge on the

trial are not to be regarded as a decision made by him within the meaning of the cases cited, hence the granting of a new trial by the circuit judge of the Ninth circuit was not a review or a reversal of Judge Gaffy's decision in the case. It was competent, therefor, for Judge Whiting, on a motion for a new trial, to examine the alleged errors made on the trial of the action by Judge Gaffy, not passed on by him on a motion for a new trial upon a proper bill of exceptions or statement, and grant or deny the same, and to make any order in the premises that might be necessary and proper in the action.

A motion was made in this court by the respondent "for an order that the statement of the case in the above-entitled action heretofore settled by Judge C. S. Whiting be by the court referred to the Hon. Loring E. Gaffy, the judge before whom the said action was tried, to be by him certified as to whether or not the said statement of the case is a full, true, and complete statement thereof, and that, if the said Loring E. Gaffy cerifies that the same is such a true and complete statement, the court then order that such certificate be deemed as made by the said Loring E. Gaffy of date August 27, 1906, and that this defendant and respondent be then allowed time to file an amended abstract showing such amendments as to the proceedings, and to file and serve his brief in said action, and for such other relief as may be just in the premises." This motion must be denied for the reason that the powers of this court in the premises are limited by section 299, above quoted, to the cases therein specified, and the powers of this court therefore do not extend to the making of the order requested by the respondent in his motion. It is only when some one of the conditions arises specified in section 299 that this court is authorized to act, and in such case its power is limited to the making of an order that the bill of exceptions or statement be "settled and certified" in such manner as this court "may by its order or rules direct." It will be observed that in the case at bar no condition exists authorizing this court to make any order in the premises. As above stated, it does not appear that Judge Gaffy was requested to settle said bill of exceptions or statement, or refused to settle the same. This court is therefore without power or authority to

make any order in the case relating to' the settlement of the' bill of exceptions, and clearly has no pewer or authority in any case to make such an order as the one requested in the motion above set forth.

For the error' of the learned circuit court in making the order granting a new trial upon the statement of the case settled by the judge of the Ninth judicial circuit, the order granting the new trial is reversed.