---

SORG et al., Appellants, v. WELLS, Respondent.

(141 N. W. 384.)

1. **Appeal—Dismissal of Appeal—Want of Statement in Brief.**
   Failure of appellant to make statement of fact in his brief relative to pleadings and evidence, is not ground for dismissal of appeal.

2. **Bill of Exceptions—Untimely Filing—Striking from Files.**
   A motion to strike from files a bill of exceptions because not settled in time, should be allowed, where appellant failed to file same for over 18 months after expiration of the time for filing, whether considered under Code Civ. Proc., Sec. 296, as it originally existed, or as amended by Laws 1911, Ch. 15, providing for filing transcript of evidence as a bill of exceptions and requiring same to be settled and filed within 30 days after entry of judgment, unless further time is allowed, such new law having gone into effect before expiration of the 60

days allowed plaintiff for settling bill of exception's; and such bill will not be considered on appeal.

3. **Same—Settlement of—Extending Time on Cause Shown—Notice.**

After statutory time, or further time allowed by court, for procuring and filing transcript has expired, relief can be had only by applying, upon affidavit showing good cause, under Sec. 306, Code Civ. Proc., on notice to opposite party, who, under Secs. 548, 551, and 552, may oppose the application.

4. **Non-objection to Settlement of—Waiver—Statute.**

While the adverse party may waive fixing new time for settlement of bill of exceptions, by stipulation or by subsequent action, his failure to object within ten days after notice of filing transcript with clerk, to such settlement, is not a waiver of the right to oppose such settlement; the notice given by clerk after such filing being that parties may correct or amend bill, and not being one inviting motion to quash the bill on jurisdictional grounds.

5. **Motion to Strike—Where Made.**

Where a bill of exceptions was not settled until after appeal to this Court, it was proper to move in this Court to strike same from records.

6. **Settlement of, After Appeal.**

The fact that the time for taking an appeal has expired is no bar to settlement of bill of exceptions thereafter.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by S. Jennie Sorg and others against William Wells. From a judgment for defendant, plaintiffs appeal. Motion to dismiss appeal denied. Motion to strike from records the settled bill of exceptions, and for an extension of time to serve briefs, granted.

*Sterling & Clark, for Respondent,* in support of motions.

On motion to strike out bill of exceptions. § 296, Code of Civil Procedure, S. D.; Chap. 15, Laws of 1911, S. D.; St. Croix Lumber Co. v. Pennington, 2 Dak. 472; In the Matter of Opening Gold Street v. Newton, 2 Dak. 151; McGillicuddy v. Morris, 7 S. D. 592; Coler v. Sterling, 15 S. D. 420; McPherson. v. Julius, 17 S. D. 98; Minard v. Gardner, (S. D.) 123 N., W. 855.

There is an additional reason why the bill should be stricken from the records: The affidavit of the attorney for appellants affirmatively shows that the bill of exceptions is incomplete in that

it does not contain all of the evidence. No motion has been made to supply copies of the lost depositions, and manifestly, if the bill is allowed to stand, it will be an incomplete record and an imperfect record. The bill should be stricken on the showing made by the attorney for appellants alone. It is not a true record of the case.

On motion to dismiss appeal. The court has recently observed that where a brief or record fails to conform to the requirements of law or the rules of this court, that the remedy is by motion to dismiss the appeal. State v. Bd. of Commissioners, 137 N. W. 354.

The brief in this case wholly fails to comply with the law or the rules of this court. State v. Doran, 134 N. W. 54; Dring v. St. Lawrence Tp., 140 N. W. 248.

There is now pending before this court a motion to strike the bill of exceptions from the record. If that motion is granted, there will then be additional reason why the appeal in this case should be dismissed and why it would be fruitless and unavailing to permit appellants to file new printed record. Farrar v. Yankton Land & Inv. Co., 127 N. W. 609.

On motion to extend time. This motion is made on the authority of Bates v. Loffler, (S. D.) 133 N. W. 283, and with especial reference to the observations of the court at page 285.

*M. Moriarty,* for Appellant, in resistance of motions.

The appeal was timely to secure a review of the evidence, and to constitute an appeal both from the judgment and from the order denying a new trial. McVay v. Bridgeman, 17 S. D. 424; Peters v. Lohr, 124 N. W. 853.

The bill of exceptions was settled according to law. The extension of time for settlment, or fixing of a time after expiration of the time fixed by law is within the judicial discretion of the trial court. Code of Civil Procedure, Sec. 306; McGillicuddy v. Morris, 7 S. D. 592; State v. Evans, 12 S. D. 473; Coler et al. v. Sterling, 15 S. D. 415; Bishop & Babcock Co. v. Schleunung, 103 N. W. 387.

The settling of a bill after time fixed by law will be presumed to be for good cause shown, and action of trial judge will not be reversed except where absolute abuse of discretion is apparent. See cases above cited and North Dakota case of Johnson v. Railway Co., 48 N. W. 227.

No formal order fixing a date for settlement is required. McGillicuddy v. Morris, supra, and Coler et al. v. Sterling, supra.

Actual settlement operates ipso facto as an extension of time for the settlement. Johnson v. Railway Co., supra, construing same statute as Sec. 306 of our Code of Civ. Proc. by North Dakota court.

Settlement after time expires will be presumed to be for good cause shown. Johnson v. Railway Co., supra, and other cases above cited.

The bill may be settled after the appeal is taken. 3 Cyc. 38; Tiffany v. Henderson, 10 N. W. 884; Coulter v. Railway Co., (N. D.) 67 N. W. 1046; Hunnicut v. Peyton, (U. S.) 26 Law Ed. 113; 3 Cyc. 37; Shafer v. Eau Claire, 81 N. W. 409.

Respondent's failure to appear and object to the settlement of the record, after receiving the notice required by the law of 1911, estops him from objecting to the settlement at this time and in this court. Juckett v. Fargo Merc. Co., 18 S. D. 347. Failure to object to settlement after opportunity to examine waives objection to time of settlement. Walling v. Eggers, 78 S. W. 428.

An appeal should not be dismissed even if bill of exceptions is not properly settled. A bill of exceptions is not necessary to an appeal. Dring v. St. Lawrence Twp., 122 N. W. 664.

Where motion for new trial is upon minutes of court, and notice of specific errors relied upon is contained in the notice, the sufficiency of the evidence may be reviewed on appeal. Lennan v. Pollock Bank, 110 N. W. 834.

The question of what may be tried or reviewed on the appeal should come up on the trial of the merits of the appeal, and not upon motion to dismiss.

The appeal is timely to secure a review of the evidence, and to constitute an appeal from the order denying new trial. McVay v. Bridgeman, 17 S. D. 424; Peters v. Lohr, 124 N. W. 853.

Bill of Exceptions not necessary to an appeal. Dring v. St. Lawrence Twp., 122 N. W. 664.

Where motion for new trial is on minutes of the court, and notice of specific errors relied upon is contained in the notice, the sufficiency of the evidence may be reviewed on appeal. Lennon v. Pollock Bank, 110 N. W. 834.

The trial court may extend time or fix a later date for good cause shown. Code of Civ. Proc., Sec. 306; McGillicuddy v. Morris, 7 S. D. 592; State v. Evans, 12 S. D. 473; Coler et al. v. Sterling, 15 S. D. 415; Bishop & Babock Co. v. Scheunung, 103 N. W. 387.

Respondent's failure to appear and object to settlement estops him from objecting to record as settled. Juckett v. Fargo Merc. Co., 18 S. D. 347.

McCOY, J. In this case respondent has brought on, by means of orders to show cause, three motions as follows:

First. To dismiss the appeal on the ground that the statement of facts contained in appellant's printed brief does not set out the pleadings or sufficient of the evidence to inform the court or respondent of the matters and things sought to be reviewed on appeal.

Second. To strike from the record the settled bill of exceptions on the ground that the same was not settled within the time nor in the manner prescribed by law.

Third. In case the court denies both the foregoing motions that respondent be given time in which to serve reply brief.

[1] The motion to dismiss appeal should be denied. That appellant has failed to make sufficient statement of fact in his brief with reference to pleadings and evidence may result in leaving appellant in a helpless condition in the appellate court, but it does not constitute ground for dismissing the appeal. If the appellate court, when considering the case on the merits, deems appellant's statement of fact wholly insufficient, it will affirm the judgment from which the appeal was taken. Sanford v. Helgerson, 141 N. W. 390.

[2] The motion to strike the bill of exceptions should be granted. It appears that verdict was rendered in this case on November 22, 1910, and judgment entered thereon February 23, 1911, and motion for new trial denied on May 26, 1911, and on said last-mentioned date plaintiff was allowed by the court 60 days in which to settle bill of exceptions. On the 21st day of February, 1913, plaintiff served notice of appeal, and also on the same date filed a stenographer's transcript of the testimony and notice of the filing thereof was given to respondent, and on March 15, 1913, the court made an ex parte order, settling said tran-

script as the bill of exceptions, and the same was then transmitted to the clerk of the Supreme Court with the appeal record. At the time the motion for new trial was denied, chapter 15, Laws of 1911, had not gone into effect, but the same went into effect before the expiration of the 60 days allowed plaintiff in which to settle bill of exceptions. If we consider the settlement of this bill of exceptions governed by section 296, Rev. Civ. Code of Pr., without reference to the amendment thereof by said chapter 15, Laws of 1911, then case case of McGillicuddy v. Morris, 7 S. D. 592, 65 N. W. 14, is directly in point. Section 296, as amended by said chapter 15, provides that, when a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within 30 days after the entry of judgment, if the case were tried by a jury, or such further time as the court may allow, procure from the official stenographer a full and complete transcript of the testimony and file the same with the clerk of the circuit court, who shall thereupon give notice to respective parties of the filing of the same; and, if no amendments or corrections thereto be proposed within 10 days thereafter, the court may settle the same. The only time ever allowed to plaintiff which might, under any circumstances, be construed as an allowance of time in which to procure and file a stenographer's transcript of the evidence expired on July 26, 1911. As a matter of fact, plaintiff never at any time made application for time, under the provisions of chapter 15, in which to procure and file such transcript. If we consider that chapter 15 repealed the prior provisions of sections 296, as to settling bills of exception, and that there was no saving clause therein as to bills of exception then in process of settlement, and that plaintiff's rights to settle a bill of exceptions were carried over and preserved by the 60-day allowance, then plaintiff's time under the new amended law would begin to run on the 1st day of July, 1911, the time of the going into effect of the amendment. Under any reasonable construction of the provisions of section 296, either as it originally existed or as amended by said chapter 15, plaintiffs permitted their time to procure and file a transcript of the evidence to expire, and it was at least 18 months after such expiration of time that plaintiff procured and filed such transcript. We are of the opinion that plaintiff had no right or authority to file the same at such time, or that the court then possessed any au-

thority or jurisdiction to settle such transcript as the bill of exceptions, without first having made an order, on good cause shown therefor, extending such time. The rule established by the McGillicuddy Case is still applicable in this case.

[3] After the time, as fixed by statute, or as further allowed by the court, for the procurement and filing of the transcript has been permitted to expire, a party can then revive such time only by proceeding under section 306, Code Civ. Pr., on motion, supported by affidavit, showing good cause therefor, and on at least six days' notice to the opposite party, at which time the opposite party, if he so desires, may oppose and contest the question, by counter affidavit, of good cause shown. Sections 548, 551, 552, Code Civ. Pr. These sections of the Code are all still in force and applicable to this kind of procedure.

[4] The adverse party may waive the fixing of a new time either by express stipulation or by subsequent action. If the adverse party appeared and asked for a correction of the bill of exceptions, or proposed amendments thereto, or served a reply brief based on such bill of exceptions or like action, it might constitute a waiver. But respondent has done nothing to that effect in this case. It is contended by appellant that, by reason of the fact that respondent did not, within ten days after notice of the filing of such transcript with the clerk of the circuit court, appear and object to the same in some way, he has now waived the right to object thereto. We are of the opinion this contention is not tenable for the reason that the notice given by the clerk with whom it is filed is that the parties in interest may correct or amend such bill, but not move to quash the same entirely for jurisdictional reasons.

[5] Had the bill of exceptions been settled before the service of notice of appeal, it might have been better practice to have made the motion to strike the same from the record in the lower court; but, as the bill in this case was not settled until after the appeal to this court, it was proper to move to strike the same in the appellate court.

[6] Some contention has been raised that the bill of exceptions cannot, under any circumstances, be settled after the expiration of the time to appeal, but we are of the opinion that this contention is also not tenable. Juckett v. Fargo Mercantile Co., 18

S. D. 347, 100 N. W. 742. The time limit within which an appeal may be taken is one thing; the time limit within which a bill of exceptions, or appeal record, may be settled is, another. They are independent of each other.

The motion to strike from the records the bill of exceptions may be and is hereby granted. Respondent is given 30 days within which to serve respondent's brief.