SORG et al., Appellants, v. WELLS, Respondent.

(142 N. W. 179.)

1. **Appeal—Exceptions—Bill of Exceptions—Extension of Time—Showing.**

   After time for settlement of bill of exceptions has expired, there must exist and be shown good cause for then permitting such settlement; and such permission will not be given where it appears that appellants deliberately allowed the time to expire, and deliberately permitted same to remain expired for some 18 months before attempting to have same settled.

2. **Bill of Exceptions—Settlement of—Return of Record to Trial Court.**

   Before the Supreme Court will return the record to permit a bill of exceptions to be settled, showing must be here made that good cause exists, and such as would authorize trial court to excuse the delay.

(Opinion filed June 24, 1913.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

On motion to have the original record returned to trial court to settle bill of exceptions. Motion denied.

For former opinion, see, 31 S. D. 432, 141 N. W. 384.

*M. Moriarty,* for Appellants.

The affidavit of M. Moriarty states that good cause exists and did exist at the time the trial court made the order fixing a date for settling the record, and that the omission to make a formal showing and give notice of the application for such order

arose wholly from the fact that counsel for appellants did not construe the statutes and decisions of this court as requiring notice and formal showing of cause by affidavits, and on that account the order was taken without such notice and formal showing of cause.

The fact that counsel placed upon the statutes and former decisions of this court a construction which this court decides to be erroneous does not bring this matter under the rule of law that acts done under mistake of fact may be revoked because of such mistake while acts done under mistake of law cannot be revoked because of such mistake. While this rule applies to contracts and settlements entered into, it has never been held to apply to questions of procedure.

In proper cases the record should be remanded for correction. Hedlun v. Holy Terror Mining Co., 14 S. D. 369; Coulter v. Railway Co., 67 N. W. 1046.

In any case where the appellant in good faith wishes to avail himself of the right of appeal he should not be deprived of the right to present the merits of his case because of any trivial defect of procedure, or of any irregularity which does not affect the substantial rights of the parties. In this case any delay which has occurred, or which is likely to occur because of the remanding of the record, will not prejudice the respondent.

In this case the judgment is in favor of appellants, and there can be no purpose for delay.

The only reason which this court could take into consideration, in the matter now before it, is respondent's allegation that his brief has been printed and filed, and that the making of another brief may be required if the record is remanded and properly settled. This cannot affect any substantial right, beyond the question of the terms, which, upon remand of the record, should be granted.

*Sterling & Clark,* for Respondent.

There is no showing that would justify this court in remanding the record for the purpose intended.

The affidavit of M. Moriarty is only to the effect that no formal showing was made to the trial court for extension of time and the reason why no formal showing was made was because affiant misconstrued the law. Appellant wholly fails to set forth

any facts as reason for an extension of time or as reason for remanding the record.

His mistake is one of law and not of fact. He gives no facts that would call into exercise the discretionary power of either this court or the court below. McGillicuddy v. Morris, 7 S. D. 577; McPherson v. Julius, 17 S. D. 180; Minard v. Gardner, (S. D.) 123 N. W. 855.

Equity will not relieve from a mistake of law. Moe v. N. O. Ry. Co., (N. D.) 50 N. W. 715.

We think the clear purport of section 296 and of section 151, Code of Civ. Proc., is that the time must be kept alive either by an order enlarging before the original time expires or at least by an order based upon an application made within the sixty days. He has lost his right to apply for enlarged time and the court is without jurisdiction to grant the application.

Appellants have been guilty of gross laches.

The order striking out the purported bill of exceptions was made May 6, 1913, and all counsel promptly notified. Appellants failed to move promptly after this order was made.

To grant the motion of appellant would be, in fact, to enlarge the time given by statute for appeal.

McCOY, J. This is a motion by way of order to show cause, on the part of appellant, to have the original record returned to the lower court, to the end that a bill of exceptions may be setled. The facts as to prior procedure appears in Sorg v. Wells, 32 S. D. ——, 141 N. W. 384. The former opinion in this case striking the bill of exceptions was based on the ground that the trial court had lost jurisdiction to settle the bill of exceptions, in the absence of good cause shown, as held in McGillycuddy v Morris, 7 S. D. 592, 65 N. W. 15.

[1] After the time for settling a bill of exceptions has expired, there must exist and be shown some good cause for then permitting such settlement. So far as the record shows, there does not and cannot exist any such good cause as would authorize or justify the trial court in now permitting the settlement of a bill of exceptions in this case. It appears that appellants deliberately permitted and allowed the time in which to settle a bill of exceptions to expire, and deliberately permitted the same to

remain expired for some 18 months before in any manner attempting to have the same settled.

[2] Before this court will return the record in a case to permit a bill of exceptions to be settled, there must be a showing made in this court that good cause exists, and such as would authorize the lower court to excuse the delay. Sherin v. Eastwood, 32 S. D. 95, 142 N. W. 176.

The motion to return the record is denied.