YOUNGBLOOD, et al., Plaintiffs, v. GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF SOUTH DAKOTA, Defendant.

(183 N. W. 545.)

(File No. 4910.  Opinion filed June 23, 1921.)

1. **Appeals—Settling Record, Authority of Trial Judge's Successor, Basis of Under Supreme Court Order or Rule.**

    It is settled law of this state that the successor in office of a trial judge has no authority to settle a record of a trial had before his predecessor, except as such authority is given by order or rule of the Supreme Court.

2. **Same—Nunc Pro Tunc Order, Jurisdiction of Supreme Court To Make, Referred to Effective Date of Order—Non-refusal of Qualified Resident Judge Below to Settle Record, Ground for Non-action by Supreme Court.**

    The Supreme Court would have no jurisdiction to make any nunc pro tunc order authorizing a trial judge to settle a record unless, on the date of which the order is to be effective, there exists in the former Court jurisdiction to have then made the order, such jurisdiction being based upon Sec. 2553, Code 1919, providing that a judge may settle a record after as well as before he ceases to be such judge, and that in the exigencies therein specified the Supreme Court may, by rule or order,

direct the manner of settlement; and held, that, the successor
to the trial judge being still living, a resident of this state and
fuly qualified to settle said record, and it not appearing that
he has refused to do so, Supreme Court has not and would not
have at time of purported settlement of the record, authority
to make any such rule or order.

Original application by Louise E. Youngblood and others,
plaintiffs, for an order nunc pro tunc, authorizing Judge Medin,
as successor in office of Joseph W. Jones as judge of the circuit
court, to settle the record in said cause; the Grand Lodge of the
Ancient Order of United Workmen of South Dakota, a corpor-
ation, being defendant. Order refused.

*Teigen & Davis,* for Plaintiffs.
*W. F. Mason,* for Defendant.

WHITING, J. This action was tried before Hon. Joseph
W. Jones, judge of the circuit court. Immediately before he
retired from such office, Judge Jones filed findings, conclusion,
and judgment herein. The plaintiffs, desiring to procure a set-
tled record, served and filed a transcript of evidence and specifi-
cations of errors; and, no amendments being proposed, they
thereafter procured from Hon. John T. Medin, successor of the
said Joseph W. Jones as judge of such circuit court, a certificate
purporting to settle the record in said cause. Plaintiffs, being
now of the opinion that Judge Medin was without authority to
settle scuh record, have applied to this court for an order nunc pro
tunc, as of the 31st day of December, 1919, authorizing Judge
Medin to settle the record in this action, and confirming his act
in settling such record.

[1, 2] It is the settled law of this state that the successor
in office of a trial judge has no authority to settle a record of a
trial had before his predecessor, except as such authority may be
given him by some order or rule of this court. Northwestern
Port Huron Co. v. Zickrick, 22 S. D. 89, 115 N. W. 525; First
National Bank v. Cranmer, 42 S. D. 404, 175 N. W. 881. This
court would have no jurisdiction at this time to make any nunc
pro tunc order, unless, upon the date as of which the order is to
be effective, there existed in this court jurisdiction to have then
made the order. The jurisdiction of this court to make an order
authorizing Judge Medin to settle a record herein is to be found
in section 2553, Revised Code 1919. This section provides that a

judge may settle a record after as well as before he ceases to be such judge; and then provides that, in case of the death of a judge, or his removal from office, or his becoming disqualified or absent from the state, or refusal to settle the record, that this court may, by rule or order, direct the manner of the settlement of a record. Judge Jones is still living, is a resident of this state, is fully qualified to settle the record in this case and it does not appear that he has refused to do so. This court has not now, and did not have at the time of the purported settlement of the record herein, any authority to make any rule or order for the settling of the record herein.

The order prayed for is refused.