ROBINSON, Appellant, v. NELSON et al, Respondents.

(203 N. W. 466.)

(File No. 5184.   Opinion filed April 18, 1925.)

1. **New Trial—Settled Record—Settling of Record by Judge After Another Appointed in His Place Held to Extend Time for Settling Record Until Such Time.**

    Where action was tried by one judge, and hearing of motion for new trial was heard by another appointed in his place, at which time record was not settled, action of first judge in thereafter signing certificate settling record extended time for settling record until that time.

2. **New Trial—Settled Record—Judge Appointed in Place of Another May Hear Motion for New Trial, but Could Not Settle Record.**

    Where action was tried by one judge, but record was not settled, and another was thereafter appointed in his place, second judge had full power to hear a motion for new trial and do any other act any judge could do, except sign certificate to the settled record.

3. **Appeal and Error—Waiver—New Trial—Plaintiff, Contesting Defendant's Motion for New Trial on Theory that Record Was Settled, Cannot Thereafter Object that Record Was Not Settled.**

    Where action was tried by one judge, and all that transcript lacked of being a settled record was signature of trial judge to certificate as provided by Rev. Code 1919, Secs. 2546, 2549, and thereafter another was appointed, who, after valid notice of motion for new trial by defendants had been served, and hearing continued, granted a new trial, both sides treating settled record as true and proper settled record without objection on plaintiff's part, held that plaintiff was estopped from thereafter asserting that such record was not settled.

Appeal from Circuit Court, Brown County; Hon. B. A. WALTON, Judge.

Action by Grant Robinson against N. E. Nelson, as Clerk of the Circuit Court of Brown County, and another. Judgment for plaintiff. From an order granting defendants a new trial, plaintiff appeals. Affirmed.

*Amos N. Goodman,* of Aberdeen, for Appellants.

*Van Slyke & Agor,* of Aberdeen, for Respondents.

(1)   To point one of the opinion, Respondent cited: Keppin v. Grant County Milling Co., 36 S. D. 221; State v. Leggit, 32 S.

D. 255; Hedland v. Holy Terror Mining Co., 14 S. D. 369, 85 N. W. 861; Coulter v. Great Northern Ry. Co., 67 N. W. 1046.

(2) To point two, Appellant cited: Youngblood v. Grand Lodge, 183 N. W. 542.

SHERWOOD, J. This is an appeal from an order granting a new trial. The case was originally tried before the then presiding judge of the Fifth judicial circuit, Hon. Frank Anderson. He made findings of fact and gave judgment for plaintiff and appellant on November 30, 1921.

On December 21, 1921, Judge Anderson was appointed one of the judges of the Supreme Court of this state; and later B. A. Walton was appointed in Anderson's place as the presiding judge of the Fifth judicial circuit.

December 5, 1921, notice was given by respondent and defendant of intention to move for a new trial, "based upon a settled record when the same is settled" and upon the following grounds: (1) That the decision is against the law. (2) Errors at law occurring at the trial and excepted to by defendant.

January 31, 1922, respondents served and filed their certified transcript of the record, attached to which was the following specification of errors on which they rely on their motion for a new trial: (1) Errors in law occurring at the trial and excepted to by defendants. (2) Error in overruling defendant's motion for a directed verdict for all the reasons urged in the motion. (3) Insufficiency of the evidence to support the findings—setting forth specifically under 10 heads and subheads the particular points under which he claimed such evidence insufficient and setting forth in full his motion to direct a verdict.

Thereafter notice of motion for a new trial to be heard February 25, 1922, was served stating the following ground: (1) Errors of law occurring at the trial and excepted to by defendants. (2) Insufficiency of the evidence to support the findings; and that the findings and conclusions are against the law.

The time for hearing the motion for a new trial was continued from time to time until April 26, 1922, when it was heard by Judge Walton and a new trial granted.

The order for new trial was served and filed June 27, 1922. July 1st appellant filed objections on the ground that the notice

of intention to move for a new trial said it "would be based on a settled record to be thereafter settled," and no record had been settled, and appellant now objected to a record being settled either nunc pro tunc or otherwise. The precise point being that the certificate to the settled record was not signed at all, therefore, that there was no settled record to base this motion upon, the entire proceeding, including order granting a new trial, was void.

It appears from the record before us that N. E. Nelson, one of the defendants, was also clerk of courts of Brown county, where this action was tried; that no objections or exceptions of any kind were made to either the certified transcript or the specifications of error thereto attached or to the lack of a certificate to the transcript until July 1st, as above shown, which was long after the motion for new trial was argued and the new trial granted, order signed, and served. No application was made within 10 days after the transcript and specifications were served and filed for any further transcript. In fact, no such application was ever made at any time. That the transcript served and filed on January 31st was a full and true statement of the record has never been questioned. Therefore, on February 11, 1922, it became a part of the record in the case. Section 2546, R. C. 1919. It was in every respect a full and true record. All it lacked of being a "settled record" was the signature of the trial judge to the certificate. Sections 2546 and 2549, R. C. 1919. This signature should have been obtained by the clerk, who was an officer of the court, without notice to either party and within 10 days after the record was completed. Section 2546, supra. By what is claimed to be inadvertence the clerk did not present the transcript to the judge until about July 10, 1922, when he presented it to and had it signed by Judge Walton in stead of Judge Anderson, who tried the case.

It further appears that on August 14, 1922, Judge Walton, on his own motion and without notice, made an order setting forth that his order of April 26th, "through inadvertence, neglected to specify in said order the grounds upon which the order was based, and whereas this court desires to correct said defects, * * * it is ordered, adjudged and decreed that application for a new trial is hereby granted on the following grounds." (1) Error in overruling defendant's motion for a directed verdict.

(2) Insufficiency of the evidence to support the findings—setting forth such specifications under 10 heads and 10 subheads substantially as set forth in defendant's specifications in which he alleged the evidence was insufficient to support the findings.

On September 1, 1922, Judge Anderson, on a hearing upon a show cause order duly served, and without objection, signed the certificate settling the record, including Judge Walton's second order granting a new trial. Judge Walton had made his order of August 14, 1922, a nunc pro tunc order as of April 26, 1922.

[1] Judge Anderson, by signing the certificate settling the record on August 19, 1922, thereby extended the time for settling the record until that time. Thomson v. Meridian Life Ins. Co., 36 S. D. 175, 153 N. W. 993. In fact, Judge Anderson's order extended the time for obtaining a certificate settling the record to September 1, 1922.

On this record appellant contends there are the two following errors:

"(1)  That Hon. B. A. Walton, present presiding judge of the Fifth circuit, erred in assuming jurisdiction to settle and sign the settled record herein.

"(2)  That the court erred in granting a new trial."

[2] It is conceded by respondent that Judge Walton was without authority to sign the settled record. His certificate thereto was therefore a nullity. But Judge Walton had full power to hear the motion for a new trial and do every other act any judge could do, except the one act of signing the certificate to the settled record. N. W. Port Huron Co. v. Zickrick, 22 S. D. 89, 115 N. W. 525.

[3] Notice of intention to move for a new trial upon statutory grounds had been duly made and served.

Proposed settled record with proper specifications of errors of law and full specification showing the insufficiency of the evidence to justify the verdict had been served and filed within the time provided by law. A valid notice of motion for new trial was served, and the hearing continued from time to time by stipulation of counsel until April 26, 1922, when the motion was actually heard before a judge competent to hear and determine it.

It is clear that the proposed settled record was in all respects true; that both sides treated it as a true and settled record from

January 31st, the date it was served and filed, until July 1, 1922, more than two months after the motion for new trial was heard, and until after the order granting a new trial was signed and served on June 27th. It is clear from Judge Walton's order granting a new trial that the insufficiency of the evidence was fully argued before him and submitted to him as based on a proper settled record.

As was said by Mr. Justice Whiting, this statute settling bills of exception "is not mandatory." The jurisdiction of the court to act does not rest on the lapse of time. "A judgment prematurely entered may be irregular, but it is not void, and the injured party's remedy is not to treat the same as void, but to proceed by proper motion to have the same set aside." Appellant "is not prejudiced unless such settled record is unfair to it, and it should not be heard to question such record, except for the purpose of procuring such amendments as will make it a proper record. * * * It is certainly clear that, if the settled record was in every respect a proper and complete record, one under which the rights of all parties were properly preserved, respondent [appellant here] cannot complain, and is not injured in any respect, although the record may have been settled prematurely." Thomson v. Meridian Life Insurance Company, supra. And this would also be true, if the record was settled nunc pro tunc, or settled after the time had originally elapsed.

We have held that bills of exception may be settled even after an appeal is taken to this court. Hedlun v. Holy Terror Mining Co., 14 S. D. 369, 85 N. W. 861, and have further held that filing specifications of error may be waived. Thompson v. M. & St. L. Ry. So., 26 S. D. 296, 128 N. W. 809.

We hold this objection comes too late. Both sides presented and fully argued the motion for new trial on the theory that the bill of exceptions was settled and the certificate thereto signed. The judge so heard and considered it. No objection was made or error pointed out until after the decision was made. Appellant is estopped from now asserting what he has all along conceded to exist. To hold otherwise would sacrifice substance and justice to mere form. The failure to sign the certificate was amendable. It has been amended, and the record is now complete.

The other objection is without merit.

The order of the court granting a new trial is affirmed.

CAMPBELL, J., not sitting.

Note.—Reported in 203 N. W. 466. See, Headnote (1), American Key-Numbered Digest, New trial, Key-No. 31(6), 29 Cyc. 971 (1926 Anno.); (2) New trial, Key-No. 114, 29 Cyc. 923; (3) Appeal and error, Key-No. 883, 4 C. J. Sec. 2635.